804

Court of Appeals of Kentucky.

March 5, 1954.

Samuel M. Rosenstein, Louisville, for applicant.

PER CURIAM.

In 1942 Earl Eckerle was charged with unprofessional conduct as an attorney in the practice of law and the matter was heard before an investigating committee of the Bar Association in April of that year. The following June an order was entered, pursuant to an agreement of the Louisville Bar Association, the Kentucky State Bar Association and Eckerle, that he had been guilty of such conduct as would permanently disbar him from the practice of law in this Commonwealth.

On November 16, 1953, in conformity with R.C.A. 3.560, Eckerle petitioned this court for reinstatement, setting forth what he deemed was sufficient reason, supported by the affidavits of three reputable persons who know him and all of whom state that his conduct has been exemplary since his disbarment. Thereupon, this court entered an order certifying Eckerle's petition to the Board of Bar Commissioners of the Kentucky State Bar Association directing the board to make a character investigation of applicant and at the conclusion of the hearing to make a written recommendation to this court as to whether the application for reinstatement should be accepted or rejected.

On January 21, 1954, the Committee of the Kentucky State Bar Association conducted a hearing at which Eckerle and several prominent people of unquestioned character testified. The proof shows that in 1942, a client gave Eckerle $32 cash to make the first quarterly payment on the client's delinquent federal income tax of $128. Eckerle retained the cash and gave his personal check in payment of the tax, which check failed to clear through the bank. Eckerle testified he was in financial straits at the time and succumbed to the temptation of keeping the money and giving the government his worthless check. He later made full restitution. At the hearing of his application for reinstatement Eckerle admitted his wrongdoing and was contrite and repentant.

Since his disbarment Eckerle has had no connection with the legal profession but has been successful in business and now holds a responsible and well-paying position with a large industrial corporation. He is 51 years of age and is desirous of removing this blot upon his character. He introduced as witnesses the pastor of his church, and an assistant county attorney of Jefferson County and several business men of standing, all of whom testified they had known Eckerle rather intimately for periods ranging from five to ten years; that his habits, conduct and character are exemplary and he is worthy of the trust and confidence of the public. No witnesses appeared against Eckerle and the trial board of the Bar Committee filed their report recommending that he be reinstated and permitted to practice law.

We concur in the recommendation of the trial board. In re Stump, 305 Ky. 822, 205 S.W.2d 999. An order will be entered reinstating Mr. Eckerle as a member of the Bar in good standing.