**In re George H. WEAKS.**

Court of Appeals of Kentucky.

Oct. 21, 1966.

Waylon Rayburn, Rayburn & Hurt, Murray, for petitioners.

Charles S. Cassis, Frankfort, for Board of Governors of the Kentucky State Bar Association.

PER CURIAM.

Petitioner George H. Weaks, who was suspended from the practice of law in 1958, has applied for reinstatement as a qualified member of our Bar. Upon a majority vote of the Board of Governors of the Kentucky State Bar Association, it was recommended that he be reinstated. This recommendation has been submitted to us without briefs on either side.

The charges of unprofessional conduct which led to petitioner's disbarment (see In re George H. Weaks, Ky., 318 S.W.2d 850) involved (1) the misappropriation of funds received by him while in public office, (2) conversion of other funds, and (3) conviction on certain misdemeanor charges. Evidence introduced on his behalf in this proceeding tended to prove that since his disbarment he had been a hard worker (in various jobs), had promptly paid certain debts, and was a person in whom trust could be placed. On the other hand, petitioner's conduct since his disbarment has not been exemplary. He has defaulted on some of his financial obligations, has shown a lack of stability in holding certain positions, and admittedly has a problem in the use of al-

cohol. Within recent years he has been convicted of misdemeanors similar to those with which he was charged in the original disbarment proceedings, and also others.

The report of the trial committee, recommending petitioner's reinstatement, is not convincing. While we appreciate the sympathetic approach taken by this committee, we believe the standards applied are inadequate. For example, the report stated that the committee's concern was whether the petitioner "has shown the *minimum* stability, integrity and responsibility to pursue the legal profession as a source of livelihood". (Emphasis added.) Surely the qualifications for reinstatement must be on a higher plane than this.

We seriously doubt that a person meeting only *minimum* standards would qualify for admission to the Bar in the first instance. Certainly a person seeking reinstatement, who has a heavy burden of overcoming a prior adjudication of disqualification, must come before the Bar Association and this Court on a much higher level. See In re Applewhite, Ky., 401 S.W.2d 757, and In re Keenan, 313 Mass. 186, 47 N.E. 2d 12, 32. As noted in the latter case, the judgment of disbarment continues to be evidence against him and he may overcome it only by most persuasive proof. See also In re Stump, 272 Ky. 593, 114 S.W.2d 1094.

It is the duty of this Court to protect the interests of the public and the profession, as well as those of the petitioner. While sympathetic considerations do play a part, we must take cognizance of the responsible position every lawyer occupies in his community. We must also take care that our certificate of approval in a particular case contributes in no way to the lowering of professional standards.

Our careful consideration of the record, including the trial committee's report, has convinced us that the petitioner has fallen short of establishing that he is now worthy of restoration to the practice of

law. We are not bound by the recommendation of the Bar Association and in this instance we decline to follow it. ·

The petition of George H. Weaks for reinstatement to the practice of law in Kentucky is denied.