**KENTUCKY BAR ASSOCIATION, Complainant,**

v.

**Benhardt S. COHEN, Respondent.**

Supreme Court of Kentucky.

Nov. 3, 1981.

Rehearing Denied Jan. 12, 1982.

Leslie G. Whitmer, Director, Michael M. Hooper, Assistant Director, Kentucky Bar Association, Frankfort, for complainant.

Henry A. Triplett, Louisville, for respondent.

## OPINION OF THE COURT

This is a disciplinary proceeding in which the Board of Governors of the Kentucky Bar Association found respondent guilty of unprofessional conduct calculated to bring the bench and bar into disrepute. The Board recommended that respondent be suspended from the practice of law for two years.

Two counts of the first charge state that respondent after taking depositions in two divorce cases later altered the dates of the depositions and the affidavits to a later date in order to comply with KRS 403.044 and filed these altered and falsified depositions with the clerk of the Jefferson Circuit Court.

Count I of the second charge states that respondent in fifty-eight bankruptcy cases violated the Rules of Bankruptcy that filing fees must be paid before the attorney may be paid, that respondent was repeatedly advised of the rule by the bankruptcy judge and continued to violate the rule.

Count II of the second charge stated that respondent on two separate occasions in bankruptcy petitions falsely stated to the court the amount of attorney fee paid to him in a document styled "Statement of Attorney for Bankrupt".

The Board of Governors of the Kentucky Bar Association found respondent guilty of all charges and recommended a two-year suspension from the practice of law.

The recommendation by the Board of Governors is advisory only. This means that this court must be the judge of the factual as well as the legal issues and of the final action to be taken. *Kentucky State Bar Association v. Stivers*, Ky., 475 S.W.2d 900 (1972).

We have reviewed the record and are of the opinion that the conduct of respondent displayed here, particularly the falsification of the depositions, is so reprehensible as to bring the bench and bar into disrepute. Thus we adopt the recommendation of the Board of Governors.

Honesty, high ethical standards, and good moral character are essential attributes to the lawyer throughout his professional life, and when he exhibited a lack of these it is incumbent upon the Bar Association and this court to take appropriate action.

Respondent's argument of unconstitutional vagueness has been consistently rejected by this court and requires no further comment.

Accordingly respondent is suspended from the practice of law in this Commonwealth for two years and is directed to pay the costs of this action.

All concur.