**In re Benhardt S. COHEN (Jefferson County).**

Supreme Court of Kentucky.

March 20, 1986.

## OPINION AND ORDER DENYING REINSTATEMENT

STEPHENS, Chief Justice.

This matter comes to us on an application for reinstatement by Cohen pursuant to Supreme Court Rule 3.510.

Cohen was originally suspended from the practice of law for two years on April 12, 1982, because he was found guilty of altering dates of depositions and affidavits in two divorce cases, violation of bankruptcy rules that filing fees be paid before the attorney fee be paid, and false statements in bankruptcy petitions as to the amount of the attorney fee paid to the attorney. *Kentucky Bar Assn. v. Cohen*, Ky., 625 S.W.2d 573 (1982).

The Board of Governors of the Kentucky Bar Association voted 15–0 to reinstate Cohen because they believed his suspension will reach nearly three and one-half years and that equity required reinstatement.

The Character and Fitness Committee was split 2–1 in favor of Cohen's reinstatement. The Inquiry Tribunal did not approve his application for reinstatement. Consequently the matter was referred to a trial commissioner for hearing. The trial commissioner indicated that Cohen had failed to carry his burden of proof in a clear and convincing manner by substantial evidence that he was entitled to reinstatement and that he failed to appreciate the significance of the conduct which caused him to be suspended originally. The trial commissioner concluded that there is an overwhelming lack of evidence on which to support reinstatement.

The applicant has the burden of proving that he is entitled to reinstatement. SCR

3.330. *Kentucky State Bar Assn. v. Smith*, Ky., 528 S.W.2d 672 (1975).

▮ In an application for reinstatement following disbarment, the applicant for reinstatement must demonstrate that his conduct subsequent to his suspension from the practice of law, shows that he is worthy of the trust and confidence of the public. *In re Eckerle*, Ky., 265 S.W.2d 804 (1954); *In re May*, Ky., 249 S.W.2d 798 (1952); *In re Nisbet*, Ky., 296 S.W.2d 465 (1956). The same standards apply to a suspension.

▮ The requirements for reinstatement in disbarment proceedings provide that it is not necessary that a disbarred lawyer confess guilt, but he must at least manifest a sense of wrongdoing. He should realize the seriousness of his prior conduct. The ultimate and decisive question is whether the applicant is now of good moral character and is a fit and proper person to be reentrusted with the confidence and privilege of being an attorney at law. *In Re Stump*, 272 Ky. 593, 114 S.W.2d 1094 (1938).

In *In re Weaks*, Ky., 407 S.W.2d 408 (1966), it was stated that the applicant's conduct and character since disbarment must show that he is worthy to have public confidence and trust placed in him.

In *In re Nisbet, supra*, it was said that additional factors which should be considered include the nature of the conduct leading to disbarment and the applicant's recognition of his wrongdoing and his previous and subsequent conduct in regard to the practice of law. *In re Stump, supra*.

▮ It is this Court's duty to protect the interests of the public and the profession as well as those of the applicant for reinstatement. *In re Weaks, supra*. Opening the door to readmission to the practice of law is not a matter of pardon for past offenses. *In re Stump, supra*. While sympathetic considerations are factors, the Court must be cognizant of the responsible position a lawyer occupies in the community.

The applicant does not admit the serious nature of his unethical conduct in the bankruptcy court which led to his original suspension. Cohen testified before the Character and Fitness Committee that he is not very sorry about the way he handled the bankruptcy cases. He told the Committee that he did not think it was the wrong procedure.

He essentially displayed the same lack of recognition of his error when he testified before the trial commissioner.

Q. 208 Mr. Cohen, your direct statement was, "I really didn't do anything wrong."

A. Well, if I said that I'll have to say that I don't feel as strongly about the bankruptcies. I do feel repentant about the bankruptcies, of course. You know, it would have been easy for me to—Let me just say that it would have been easy for me just to come in here and say, "Oh, I'm so repentant and sorry," and all that stuff, but I'm being honest with you by saying that I'm not as repentant about the bankruptcies, and I think that was my exact testimony; I'm not as repentant about the bankruptcies as I am about the divorces.

Q. 209 You really didn't feel like you did anything wrong in the bankruptcies?

A. Totally, no.

This indicates that he does not appreciate the nature and quality of his original mistake.

The evidence in the record lacks the persuasive quality necessary to induce belief in the applicant's present professional competency and good moral character. *KBA v. Smith, supra*. He admitted that it was a period of which he was not particularly proud.

He was charged with terroristic threatening and harassing communications. The criminal charges were ultimately dismissed without prejudice after the applicant promised to abate his conduct and stay away from his former girlfriend.

▮ In a reinstatement proceeding it is important that the applicant be completely candid with the reviewing authorities at all

times. He was less than candid with the Character and Fitness Committee because he told that group that he was not following his girlfriend when they left a Louisville restaurant. However during the hearing before the trial commissioner, he changed or added to his testimony to the effect that he did leave the restaurant in a car behind his former girlfriend, and he now admits that something unusual did occur in trying to pass and stop the car. Ultimately this incident led to the filing of the criminal complaint for terroristic threatening.

 The conclusion of the trial commissioner is that the applicant has failed to carry his burden of proving by substantial evidence that he is entitled to reinstatement. Sympathy and mitigation for his particular economic distress should not be a valid consideration in judging the merits of reinstatement.

Consideration of the entire record fails to convince us that he is entitled to reinstatement at this time.

Consequently, pursuant to SCR 3.510, the application for reinstatement is denied.

STEPHENSON, WHITE, WINTERSHEIMER and VANCE, JJ., concur.

GANT and LEIBSON, JJ., dissent.