John F. FAUST, Jr., Complainant,

v.

**KENTUCKY BAR ASSOCIATION,**
**Respondent.**

No. 95–SC–650–KB.

Supreme Court of Kentucky.

Aug. 29, 1996.

## *ORDER GRANTING CONDITIONAL REINSTATEMENT*

John Faust was suspended from the practice of law for 59 days by an order of this Court entered April 20, 1995. *KBA v. Faust*, Ky., 896 S.W.2d 613 (1995). He has filed an application in this Court pursuant to SCR 3.510 for reinstatement to the practice of law in this Commonwealth. The Board of Governors has recommended that Faust be reinstated. For the following reasons, we grant Faust's application to the extent that he is granted conditional reinstatement to the practice of law in the Commonwealth of Kentucky.

When an attorney has been suspended from the practice of law, before reinstatement an inquiry is made to determine: 1) whether the attorney complied with the suspension order; 2) whether the attorney "presently possesses sufficient professional capabilities and qualifications" to practice law, and 3) whether the attorney is of "good moral character." SCR 3.510(2).

Faust has complied with the order of suspension. He has paid the costs of his suspension proceedings and has not practiced law during his suspension. Faust reimbursed a portion of the $5,000 retainer ($1,383.60) to his former client.

The Board of Governors found, and we do not disagree, that Faust presently possesses sufficient professional capabilities and qualifications to practice law. He has met the minimum continuing legal education require-

ments for reinstatement through June 30, 1996.

■ However, the final inquiry is whether Faust is of "good moral character." The same standards which apply to reinstatement after disbarment apply to reinstatement after suspension. *In re Cohen,* Ky., 706 S.W.2d 832, 834 (1986). An applicant for reinstatement to the practice of law bears the burden of demonstrating that he has "so rehabilitated himself that in spite of his past failings ... he [has] become worthy of trust and confidence and would be a credit and not a detriment to the profession of law." *In re Applewhite,* Ky., 401 S.W.2d 757, 758 (1965). Evidence of an attorney's financial situation and fiscal responsibility are factors in evaluating the attorney's present character and fitness. *Greene v. KBA,* Ky., 904 S.W.2d 233 (1995).

Faust has two child support obligations from previous marriages. He has been charged with felony non-support four different times. At the time of the hearing, Faust testified that he thought the most recent charge of flagrant non-support would be satisfied with the payment of $1,800, which he had borrowed. As of the hearing, there was a pending civil judgment against him in favor of one of his former wives which he had not satisfied.

Also pending against Faust at the time of the hearing was a civil lawsuit by his former partner. The suit alleges Faust converted corporate assets to his own use and also seeks to recover money Faust borrowed from the partnership. Faust testified at the evidentiary hearing that all of the money he used was borrowed and that he thought his partner agreed to it. He needed the funds to satisfy a child support arrearage obligation. Faust stated he intended to repay the debt but was unable to do so because of his present financial situation. An agreed judgment was entered July 31, 1996, in the amount of $8,500 plus court costs.

Faust has been convicted of DUI four times since 1980 and has had his driver's license revoked twice. However, Faust has undergone ten months of court-ordered counselling, regularly attends meeting of Alcohol-

ics Anonymous, and has been alcohol free since August 2, 1993.

Faust has recurring and significant financial problems and has exhibited a tendency to ignore difficult situations. Although some of his financial difficulties may stem from the fact that he has not been employed during his suspension because he expected the reinstatement process to be shorter, his suspension by no means explains all of his problems or how Faust has dealt with them.

We "must be cognizant of the responsible position a lawyer occupies in the community." *In re Cohen, supra,* at 834. Although Faust has demonstrated an effort to address his alcohol addiction, he also needs to confront the other problems in his life. Therefore this Court grants Faust a conditional reinstatement to the practice of law. Faust shall make regular child support payments and develop a plan to satisfy any child support arrearage and the civil judgment in favor of his ex-wife. He must also make regular payments to his former law partner to honor the agreed judgment entered. Lastly, Faust shall regularly attend Alcoholics Anonymous meetings or seek professional counselling.

The Character and Fitness Committee shall set forth the conditions of reinstatement, as set out in this Opinion and Order, in a written agreement with specific terms and conditions. These terms and conditions shall be closely monitored by the Committee or its agents or designees.

Upon failure to comply with the terms and conditions of the agreement, the Committee may recommend to the Court:

(a) to extend the term and additional condition(s) or

(b) revocation of license.

Accordingly, the application of John F. Faust, Jr. to be reinstated to the practice of law is conditionally granted as set out above in this Opinion and Order.

/s/ Robert F. Stephens
Chief Justice