**William P. SKAGGS, Petitioner,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 96–SC–417–KB.

Supreme Court of Kentucky.

Oct. 22, 1997.

**OPINION AND ORDER DENYING REINSTATEMENT**

This matter is before the Court on an application for reinstatement by William P. Skaggs, of Bowling Green, Kentucky, pursuant to Supreme Court Rule 3.510.

Skaggs was suspended from the practice of law for a period of three months by order of this Court entered January 18, 1996. The suspension arose from Skaggs' violations of SCR 3.130–1.3, by failing to act with reasonable diligence and promptness in representing his client, Samuel Wilkey. Skaggs was also charged in Count II with violating SCR 3.130–8.1(b), by failing to respond to the complaint filed against him with the KBA and with violating SCR 3.160(1), by failing to respond to or acknowledge receipt of the complaint. Pursuant to this Court's order, Skaggs was eligible to apply for reinstatement at the expiration of the three months.

Skaggs filed a *pro se* application for reinstatement on May 2, 1996. The Inquiry Tribunal subsequently determined that Skaggs' application should not be approved pursuant to SCR 3.510(2). Consequently, the matter was referred to a trial commissioner and an evidentiary hearing was conducted on March 12, 1997. The trial commissioner filed a report and the matter was submitted to the Board of Governors.

The Board determined that Skaggs' application contained several omissions. Specifically, Skaggs failed to list any dates or places of employment during his suspension, although he testified at the evidentiary hearing that he worked as a law clerk for several attorneys during that time. Further, Skaggs omitted information concerning traffic offenses, vehicle registration, driver's licensing violations and several civil actions filed against him. Skaggs' explanation of the omissions was memory lapse or deliberate exclusion due to his interpretation of the form and intent of the application questions. Further, although the records of the Warren Circuit Court indicate that Skaggs was a named defendant in five civil actions filed between 1991 and 1995, and that he had judgments entered against him, no disclosure was made because Skaggs deemed these matters to be subsumed in his personal bankruptcy, which was disclosed. Finally, the Board found that Skaggs did not disclose on his application that he was under an order from the Warren Circuit Court directing him to refund monies to the clerk.

In addition to the omissions in the application, the Board concluded in its recommendation:

[A]t the hearing and throughout the reinstatement process, Skaggs failed to demonstrate any appreciation or regret for the complete failure of his responsibilities to his client, Samuel Wilkey, who he left saddled with a substantial civil judgment. Skaggs also seemed oblivious to his obligations to obey even simple rules and regulations such as registering one's automobile. Instead, Skaggs testified that he drove, albeit infrequently, an unregistered vehicle from 1989–1993, despite being charged with the offense in 1992 and again in 1993. Lastly, Skaggs fails to demonstrate an appreciation that as an attorney and as an officer of the court, that he cannot just ignore court orders—even ones he feels are in error or procedurally defective.

Accordingly, the Board voted 13–0 to deny Skaggs' application for reinstatement. Upon the Board's filing of its recommendation with this Court, Skaggs filed for notice of review pursuant to SCR 3.510(2) and SCR 3.370(6).

In his brief to this Court, Skaggs argues that the Board misinterpreted the evidence and made findings contrary to the evidence presented at the trial commissioner's hearing. Skaggs points out that contrary to the Board's statement that he failed to include on his application the dates and places of employment during his suspension, he did not actually begin working until after the completion of the application. Similarly, Skaggs states that he could not have disclosed the fact he was under an order from the Warren Circuit Court, as that order was not entered until May 6, 1996, and his application was submitted on May 2, 1996. Finally, in response to the Board's finding that he failed to provide a complete criminal/civil litigation, Skaggs contends that the information provided on the application was "substantially complete" and the Board "seems to concern itself with form over substance." Skaggs concludes that the Board's recommendation to deny his reinstatement is severe and not supported by evidence of record.

The Board responds that, contrary to Skaggs' assertion, its recommendation was based upon all of the evidence presented both in Skaggs' application as well as at the hearing. The Board's primary concern and basis for recommending against reinstatement is Skaggs' "cavalier" attitude toward the whole disciplinary and reinstatement process. The Board points out that when Skaggs was questioned about ignoring the formal charge issued by the Inquiry Tribunal, he commented that "he did not know what the Inquiry Tribunal was and therefore concluded that the allegations of professional misconduct were 'a fait accompli', even though he felt that those reviewing the facts of his dilatory practice would deem them inconsequential."

It is the Board's opinion that Skaggs has not "realize[d] the seriousness of his prior conduct" nor "demonstrate[d] that his conduct subsequent to suspension ... shows he is worthy of the trust and confidence of the public." *In re Cohen*, Ky., 706 S.W.2d 832 (1986). With regard to his prior conduct, the Board cites to the fact that during the trial commissioner's hearing, Skaggs testified that he believed the Court of Appeals was "out of line" in refusing to grant him a third continuance to file a brief, and further dismissed the fact that had he tendered the filing fee with the subsequent motion to reconsider, his client's appeal would have been reinstated. The Board contends that Skaggs refuses to "take responsibility for his own failure to comply with required procedures and has displayed no understanding that the dismissal was attributable to his own conduct."

Finally, the Board argues that Skaggs' disregard of the order issued by the Warren Circuit Court reflects negatively upon his fitness to practice law. Skaggs admitted during the hearing that he personally informed the circuit clerk that he was going to ignore the order because he believed it was procedurally defective and void. The Board states that Skaggs did not undertake the proper action to have the order set aside until its existence presented an issue in his reinstatement process. Regardless of whether the order was entered after the submission of Skaggs' application, it is his

response to the order that creates concern for the Board.

An applicant for reinstatement after suspension bears the burden of proof. SCR 3.330.

> In an application for reinstatement following disbarment, the applicant for reinstatement must demonstrate that his conduct subsequent to his suspension from the practice of law, shows that he is worthy of the trust and confidence of the public. *In re Eckerle,* Ky., 265 S.W.2d 804 (1954); *In re May,* Ky., 249 S.W.2d 798 (1952); *In re Nisbet,* Ky., 296 S.W.2d 465 (1956). The same standards apply to a suspension.

*In re Cohen, supra* at 834. Further, the applicant must demonstrate that he has complied with all the terms in the order of suspension, that he presently possesses sufficient professional capabilities to serve the public as a lawyer, and that he is of good and moral character. *Kentucky Bar Association v. Smith,* Ky., 528 S.W.2d 672 (1975). Reinstatement is conditioned upon the applicant's proof by substantial evidence that he appreciates the wrongfulness of the prior misconduct, and has taken action to rehabilitate himself. This Court has stated that a confession of guilt is not necessary, but that the applicant "must at least manifest a sense of wrongdoing. He should realize the seriousness of his prior conduct." *In re Cohen, supra* at 834.

It is evident from Skaggs' testimony at the evidentiary hearing that he has little regret for his conduct which gave rise to his suspension. The fact that he testified that the Court of Appeals "was out of line" in dismissing his client's appeal, despite the inordinate delay and failure to tender a filing fee, indicates that he seems to take little responsibility for his own failure to comply with required procedures. Skaggs does not realize that his problems are the logical consequence of his actions.

Also troubling is Skaggs' explanation for the various omissions in his application for reinstatement. When questioned about several significant omissions, he dismissed their importance. Aside from the numerous civil actions brought against him, he was oblivious to the evidence of criminal and traffic offenses on his record. He attached no importance to two charges of driving on expired registration plates in 1989 and 1993, because he drove the car "infrequently." Skaggs further testified that a charge of failure to file a required tax form was inconsequential because he believed the tax was either not owed or was paid. The facts in this case compel the conclusion that Skaggs seems as indifferent to his duties and responsibilities in his own case as he was in that of his client. Citizens and, in particular, attorneys are not permitted to pick and choose which laws they wish to obey.

The crux of a reinstatement proceeding is that the applicant be completely candid with the reviewing authority. *In re Cohen, supra.* It is clear that Skaggs was less than candid in this matter. Consideration of the entire record convinces us that Skaggs has failed to satisfy the requirements for reinstatement at this time.

Pursuant to SCR 3.510, the application for reinstatement is denied. Skaggs is directed to pay the costs of this action in the amount of $411.72.

All concur.

ENTERED: October 22, 1997.

/s/ Robert F. Stephens
Chief Justice