Donnie H. WHITE, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 96–SC–407–KB.

Supreme Court of Kentucky.

Feb. 18, 1999.

Reconsideration Denied April 22, 1999.

Julius Rather, Lexington, KY, Gerry L. Calvert, Lexington, KY, for Movant.

Bruce K. Davis, Executive Director, Barbara S. Rea, Benjamin Cowgil, Jr., Kentucky Bar Association, Frankfort, KY, for Respondent.

## OPINION AND ORDER DENYING REINSTATEMENT TO THE PRACTICE OF LAW

The applicant, Donnie H. White, moves for reinstatement to the Kentucky Bar Association (KBA). We deny Mr. White's application for reinstatement because, as discussed more fully below, he did not prove that he is entitled to reinstatement by demonstrating a sense of wrongdoing for his prior misconduct and showing that he is now of "good moral character and is a fit and proper person to be re-entrusted with the confidence and privilege of being an attorney at law." *In re Cohen*, Ky., 706 S.W.2d 832, 834 (1986). Moreover, Mr. White refused to appear and testify on his own behalf at his evidentiary hearing before the trial commissioner and advised the KBA Board of Governors, through his attorney, that he would not appear before a trial commissioner even if he were given another chance to do so. He has not demonstrated that he is entitled to reinstatement.

Mr. White was suspended from the practice of law for a period of three years by our order of April 11, 1991. *See KBA v. White*, Ky ., 818 S.W.2d 263 (1991). He had been found guilty of charging and collecting a clearly excessive fee in his representation of an estate; of falsely answering an interrogatory submitted to him as a *party* in a civil action; and of ethical violations on three prior occasions resulting in a private admonition, a private reprimand and a public reprimand.

In April 1996, Mr. White applied for reinstatement to the KBA. The application was referred to the Character and Fitness Committee for a report and recommendation because the period of suspension was for more than one year. SCR 3.510(2). (All citations to the Supreme Court Rules in this opinion refer to the Rules in effect prior to October 1, 1998.) The Character and Fitness Committee conducted an investigation to determine whether Mr. White was professionally and morally qualified to return to the practice of law. SCR 2.040(3).

Appearing before the Character and Fitness Committee, Mr. White asserted, by his own testimony and a thorough a number of witnesses, that he was remorseful for his prior professional misconduct, that he complied with all the terms of his suspension, that he was completely candid with the reviewing authorities, that he had rehabilitated himself, and that he is of good moral character. Mr. White contended that he had met the criteria for reinstatement required by *In re Cohen*, Ky., 706 S.W.2d 832, 833–35 (1986).

The Character and Fitness Committee recommended reinstatement and rendered its report and recommendation to the Inquiry Tribunal. The Inquiry Tribunal issued a notice to the chair of the House of Delegates to appoint a trial commissioner to hold an evidentiary hearing on Mr. White's application. SCR 3.230. After receiving his copy of the notice, Mr. White indicated in his pretrial memorandum that he would call the same witnesses at the evidentiary hearing who testified before the Character and Fitness Committee, including himself.

However, at some point between his pretrial memorandum and the evidentiary hearing, Mr. White changed his mind. He decided that because the Inquiry Tribunal had not in its notice provided him with any "charges, facts in issue or a question to resolve," he would not appear at the hearing nor present any witnesses. He sought reconsideration, asking the Inquiry Tribunal to rethink its decision to require a evidentiary hearing. He stated:

> The Inquiry Tribunal gave no reason for its action. We know of no facts in issue. The Bar Association has not provided us with any charges, or facts in issue, or a question to resolve.

> While the burden of proof in a reinstatement case is upon Mr. White, we have no facts or issues before us to overcome.

> We will carry the burden whenever there has been presented to us an obstacle to overcome.

Contrary to SCR 3.510(2) and SCR 3.230, Mr. White appeared to believe that the recommendation of the Character and Fitness Committee shifted the burden of proof to and was binding on the Inquiry Tribunal, even though he otherwise acknowledged that he bore the continued burden of proof in the reinstatement process.

In any event, Mr. White did receive notice of deficiencies in his application and discrepancies in his testimony which he could have addressed at the evidentiary hearing. In response to his motion for reconsideration, the KBA filed a reply that identified no less than eleven factual issues that had been raised by Mr. White's testimony before the Character and Fitness Committee. These consisted, verbatim, of the following:

a. Applicant was suspended by order of the Supreme Court entered April 11, 1991. Although he testified generally before the Character and Fitness Committee concerning his activities during the period of his suspension, it is impossible to discern from the record before the Tribunal what activities Applicant has been engaged in during the period of suspension. The Kentucky Supreme Court deems such information relevant to the determina-

tion that Applicant is fit to reenter the practice of law.

b. Applicant has had multiple public orders of discipline entered against him by the Supreme Court prior to his suspension, but professed little knowledge of his disciplinary record before the Character and Fitness Committee.

c. Applicant has been convicted of a violent criminal assault which, although disclosed on his application for reinstatement, has not fully been described to the decision makers who will review this file. Applicant testified before the Character and Fitness Committee that he would commit the same conduct under the same circumstances.

d. Applicant has had filed against him multiple state and federal tax liens.

e. Applicant has been a petitioner for relief pursuant to Chapter 13 of the Bankruptcy Code, which petition was apparently dismissed for failure to complete and submit a plan acceptable to the court. Applicant testified before the Character and Fitness Committee that many of the debts which were the subject of his Chapter 13 petition are still outstanding.

f. Applicant is listed as the defendant in at least four civil actions of record and is listed as a party litigant in numerous other lawsuits. The record of the hearing before the Character and Fitness Committee does little to disclose the particulars of these actions.

g. The record of Applicant's employment history during the period of his suspension is, at best, sketchy, and should be fully developed for the benefit of the Board and the Court in order to make the determinations necessary for reinstatement to be appropriate.

h. There are serious discrepancies in statements of witnesses interviewed by the Character and Fitness Committee's investigator and Applicant's testimony before the Character and Fitness committee. These discrepancies should be developed fully for the benefit of the Board and the Court.

i. Applicant failed to reveal that his license was suspended by the state of Georgia during the period at issue and that he has been charged with specific traffic offenses. [In his] answer to a question intended to elicit information about his personal history, Applicant indicated only that he had been charged [with] "traffic offenses—various times."

j. In his testimony before the Character and Fitness Committee, Applicant admitted that he has failed to comply with every term of the order of the Supreme Court suspending his license.

k. It appears from the record before the Character and Fitness Committee that there are discrepancies in Applicant's testimony regarding his employment history and that of certain witnesses who appeared on his behalf. These discrepancies should be explored fully for the benefit of the Board and the Court.

Despite the foregoing, at the evidentiary hearing, Mr. White's attorney advised the trial commissioner that Mr. White would not appear "on advice of counsel" because counsel did not "feel like [Mr. White had] anything to answer." Even though the trial commissioner cautioned against this approach, Mr. White presented no witnesses except a law professor who was wholly unfamiliar with the reasons for the suspension or whether there had been compliance with the terms of the suspension. As a result, the trial commissioner rendered a report to the Board of Governors which made no recommendation or findings of fact.

Mr. White continued in the same vein before the Board of Governors. During oral argument, the Board asked Mr. White's attorney whether his client would appear and testify if the Board remanded the case for additional proof. Counsel responded that Mr. White would not testify even if the case were remanded. Thereafter, the Board of Governors unanimously concluded that Mr. White had failed to meet his burden of proof to demonstrate entitlement to reinstatement and voted that his application for reinstatement should be denied.

In our view, Mr. White erroneously failed to observe the reinstatement process. He asserts that former SCR 3.230, which requires a trial commissioner to be appointed "[i]f the answer raises any issue of fact," requires the KBA to identify issues of fact if the Inquiry Tribunal decides to require an evidentiary hearing under SCR 3.510(2). He states that the Inquiry Tribunal's failure to do so constitutes a procedural due process violation since it deprives him of any basis for determining whether the Inquiry Tribunal's decision was arbitrary or violated the rule of exclusivity of the record.

■ This interpretation of SCR 3.230 is incorrect. There is no due process right to be advised of "charges" in a reinstatement proceeding. Mr. White's approach may well be appropriate in a disciplinary case, where the burden of proof is on the KBA and the respondent is required only to defend the charges against him. But this is not so in a reinstatement proceeding where the applicant has the burden of proof and the "issues of fact" are identified by the law governing the applicant's right to seek reinstatement. *In re Cohen*, Ky., 706 S.W.2d 832, 834–35 (1986).

■ Further, unlike a disciplinary case, there is no "answer," as such, in a reinstatement case. SCR 3.510(2) does not convert a reinstatement case into a disciplinary case merely because it refers to SCR 3.230 for the procedure by which a trial commissioner is appointed. Thus, the Inquiry Tribunal is not required to state a reason for its determination that a full record should be developed rather than merely recommending approval of an application for reinstatement without further review by a trial commissioner and the Board of Governors. SCR 3.510(2–3). The Character and Fitness Committee is only the first step. An applicant for reinstatement cannot convert the Committee's favorable recommendation into a final decision and thereby abort the remainder of the process.

■ In short, an applicant for reinstatement bears the burden of proving that he is entitled to reinstatement. *In re Cohen*, Ky.,

706 S.W.2d at 833. He must demonstrate a sense of wrongdoing for his prior misconduct and show that he is now of "good moral character and is a fit and proper person to be re-entrusted with the confidence and privilege of being an attorney at law." *Id.* at 834. The fact of Mr. White's suspension imposes upon him the burden to demonstrate entitlement to reinstatement by proof convincing to the decision-making authority. *Cf. In re Weaks*, Ky., 407 S.W.2d 408, 409 (1966).

■ In the words of the Board of Governors of the KBA, Mr. White "as a matter of law ... failed to meet [his] burden of proof." He did not provide complete information regarding his activities while on suspension. He refused to acknowledge the wrongful nature of the conduct that resulted in his suspension. He gave false testimony to the Character and Fitness Committee. Finally, he refused to appear and testify on his own behalf at the evidentiary hearing before the trial commissioner and advised the KBA Board of Governors, through his attorney, that he would not appear before a trial commissioner even if he were given another chance to do so.

It is therefore ordered that Donnie H. White's application for reinstatement to the practice of law is denied.

All concur except STEPHENS, J., not sitting.

ENTERED: February 18, 1999.

/s/ Joseph E. Lambert
Chief Justice