Frederic J. COWDEN, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 95–SC–1064–KB.

Supreme Court of Kentucky.

June 17, 1999.

Allen K. Gailor, Gailor Law Office, Louisville, KY, for movant.

Bruce K. Davis, Executive Director, Barbara S. Rea, Kentucky Bar Association, Frankfort, KY, for Kentucky Bar Association.

### OPINION AND ORDER DENYING REINSTATEMENT

This matter is before the Court on an application for reinstatement by Frederic J. Cowden pursuant to SCR 3.510. Cowden was suspended from the practice of law for a period of five years by Order of the Court entered April 2, 1987. *Kentucky Bar Association v. Cowden*, Ky., 727 S.W.2d 403 (1987). The suspension arose from Cowden's violation of several rules of professional conduct codified under SCR 3.130, including failing to keep a client

accurately informed about the status of a case and misrepresenting the status of the case to the client, deliberately failing to appear for taking of depositions and violating or ignoring a valid subpoena, and fabricating a letter which he proposed to introduce into evidence in the defense of a criminal case. *Id.*

Cowden tendered an application for reinstatement in February of 1992, but, due to his failure to pay the costs of the disciplinary proceeding as required by this Court's order of suspension, the application was not filed. In December of 1995, Cowden tendered the required filing fees and most of the costs necessary to comply with the Court's order of suspension, the KBA waived the remainder of the unpaid costs, and the Clerk accepted the application for filing. Cowden neither tendered an updated application nor amended the one tendered in 1992.

On his filed application for reinstatement, Cowden provided only partial information about his employment and criminal record during his period of suspension. Only after the Bar Association, through its investigator, produced significant evidence of these omissions at the hearing before the Character and Fitness Committee, did the Applicant supplement his three-year-old application.

Of particular concern to the Committee were the dozens of entries in the records of the Jefferson County Courts indicating that Cowden has been charged with numerous criminal offenses which he did not disclose on his application. Most of these charges were dismissed and involved motor vehicle violations and tax issues. Several, however arose from Cowden's contentious relationship with several women in his life, who filed criminal complaints alleging, *inter alia*, harassing communications, criminal mischief, assault, terroristic threatening, carrying a concealed deadly weapon, criminal trespass, and violation of an emergency protection order. Although many of these charges were dismissed due to the complaining witnesses' failure to

appear at court proceedings, Cowden did plead guilty to the charges of terroristic threatening and assault in the fourth degree.

Cowden, once confronted with this information, explained the context of the criminal complaints against him and argued the charges should not be "placed against him in considering his application." The Committee, however, determined that Cowden had failed to live an exemplary life since his suspension, and had failed to carry his burden of proving that he is of "good moral character." See SCR 2.012. Accordingly, the Character and Fitness Committee recommended that Cowden's application for reinstatement be denied.

Cowden was then afforded an opportunity for a full hearing before a trial commissioner. During the hearing, Cowden testified at length about his criminal history and domestic difficulties during his suspension. He expressed remorse for his past actions and indicated that he would do everything possible to uphold the ethical standards of the legal profession should he be reinstated to the practice of law. He also presented nearly twenty character witnesses on his behalf, including two members of the clergy, four judges, and one of the women who had previously filed criminal complaints against him. The trial commissioner, in her final report, noted that the number and frequency of Cowden's contacts as a defendant in the criminal justice system were "very disturbing." Nevertheless, the commissioner concluded that, based on the evidence presented before her, Cowden was of good moral character.

The matter was then submitted to the Board of Governors. The Board found that Cowden had failed to act with full candor in failing to disclose that, between the time of his original preparation of his application in 1992 and the time of its filing in 1995, numerous employments had occurred and numerous criminal proceedings had been instituted against him. The

Board also found that Cowden had failed to establish the status of unpaid debts and obligations, including a federal tax lien. Accordingly, the Board concluded that Cowden had failed to live an exemplary life during the period of his suspension, and, by a vote of 12 to 3, recommended that his application be denied. Cowden then filed for notice of review with this Court pursuant to SCR 3.510(2) and SCR 3.370(6).

█ Reinstatement to the practice of law after suspension for unethical conduct is dependant upon a showing by the applicant that he 1) has complied with the terms of the order of suspension; 2) possesses the requisite professional capabilities and qualifications to serve the public as a lawyer; and 3) is of good moral character. *Skaggs v. Kentucky Bar Ass'n*, Ky., 954 S.W.2d 311, 314 (1997). In order to be reinstated, it is important that the applicant's conduct and character since his disbarment have been exemplary and that he be worthy to have public confidence and trust placed in him. *Lester v. Kentucky Bar Ass'n*, Ky., 532 S.W.2d 435, 436 (1976). One seeking reinstatement has the burden of overcoming his prior adjudication of disqualification, and may do so only by most persuasive proof. *Id.* We agree with the Board that Cowden has failed to satisfy this burden.

█ In his brief to this Court, Cowden first argues that he was not required by the rules to reveal any criminal charges or convictions which occurred after the 1991 tender of his application, although, "in retrospect," he probably should have amended his application to reflect his situation at the time of actual filing. In *In re Cohen*, Ky., 706 S.W.2d 832, 834–35 (1986), this Court stressed the importance of being completely candid with the reviewing authorities at all times, and in *Skaggs, supra*, we held that a lack of candor and omissions from an application justify a denial of petition for reinstatement. *Skaggs*, 954 S.W.2d at 314. Appellant must surely have been aware that the Character and Fitness Committee might be interested in the circumstances of his two convictions, his numerous arrests, and the various charges filed against him since his suspension. The argument that his unsuccessful first attempt to file his application precluded/averted (? ?) the necessity of updating the application at the time of actual filing is somewhat disingenuous, and we reject it.

█ Cowden also argues that his encounters with the criminal justice system do not reflect adversely upon his character because they stem largely from domestic altercations with his wife and two other women. The very fact that Cowden attaches so little significance to the character, number, and frequency of his brushes with the police indicates to us that he lacks the necessary respect for the law required of an applicant seeking to be reinvested with the public trust.

For the reasons set forth above, the recommendation of the Board of Governors is accepted and the application for reinstatement is denied.

LAMBERT, C.J.; COOPER, GRAVES, KELLER, STUMBO, and WINTERSHEIMER, JJ., concur.

JOHNSTONE, J., dissents without separate opinion.

ENTERED: June 17, 1999.

/s/ Joseph Lambert
Chief Justice.