**Michael B. RONEY, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2000–SC–000201–KB.

Supreme Court of Kentucky.

May 24, 2001.

## OPINION AND ORDER GRANTING REINSTATEMENT

This matter comes to us on an application for reinstatement by Movant, Michael B. Roney, pursuant to SCR 3.510.

Roney was disbarred from the practice of law in Kentucky by order of this Court dated September 30, 1993, as a result of being found guilty of six counts of misconduct, which included failing to respond timely to interrogatories which resulted in the dismissal of a client's civil action, in violation of SCR 3.130–1.3; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation by thereafter telling his clients that their case was still active, in violation of SCR 3.130–8.3(c); failing to assert his clients' interest, in violation of SCR 3.130–1.2; failing to return an unearned fee, in violation of SCR 3.130–1.16(d); and a violation of SCR 3.130–1.15(b), which requires that a lawyer receiving funds in which a client or third party has an interest shall promptly notify the interest holder and promptly deliver any funds the interest holder is entitled to receive or tender a full accounting upon request.

At various times before and succeeding his disbarment, Roney had claims filed against him with the Trustees of the Clients' Security Fund. After due investigation, the Trustees awarded three claimants an aggregate total of $2,520. On February 29, 2000, Roney filed his application for reinstatement and tendered a check to the Kentucky Bar Association in the amount of $2,520 as complete and total restitution for the claims paid on his behalf.

A hearing was held before the Character and Fitness Committee on December 8, 2000. Thereafter, the Committee rendered its findings of fact, conclusions of law, and recommendations that the Kentucky Board of Governors reinstate Roney to the practice of law contingent upon certification of current Continuing Legal Education compliance and passage of the ethics and procedure examination required pursuant to SCR 3.510(4). The Character and Fitness Committee thereafter certified that Roney has met the Continuing Legal Education requirements pursuant to SCR 3.500(1). The Kentucky Board of Bar Examiners certified that Roney took and received a passing score on the ethics and

procedure examination. Accordingly, by a vote of 19–0, the Board of Governors has recommended the reinstatement of Roney to the Kentucky Bar Association.

 Roney has the burden of proving that he is entitled to reinstatement. *White v. Kentucky Bar Association*, Ky., 989 S.W.2d 573 (1999). The Board of Governors concluded that Roney has satisfied all of the administrative steps necessary to be considered for reinstatement. The Board further determined that Roney's conduct since his disbarment has demonstrated the appropriate degree of rehabilitation. *In re Cohen*, Ky., 706 S.W.2d 832 (1986).

Consideration of the record and the report of the Board of Governors convinces us that Roney is entitled to reinstatement at this time. As such, it is hereby ordered that Movant, Michael B. Roney, is reinstated to the practice of law in Kentucky. Movant is ordered to pay all costs associated with this matter, said sum being $532.78.

All concur. KELLER, J., not sitting.

ENTERED: May 24, 2001.

/s/ Joseph E. Lambert

Chief Justice