William Lloyd TURNER, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 1999–SC–0481–KB.

Supreme Court of Kentucky.

March 21, 2002.

Reconsideration Denied May 16, 2002.

As Amended July 24, 2002.

John E. Spainhour, Givhan, Spainhour & Stuart, PSC, Shepherdsville, for Movant.

Bruce K. Davis, Executive Director, Jane H. Herrick, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, for Respondent.

## OPINION AND ORDER

This matter comes before the Court on an application for reinstatement by Movant, William Lloyd Turner, pursuant to Supreme Court Rule 3.510(1). The Character and Fitness Committee recommended a conditional reinstatement but the Board of Governors unanimously denied reinstatement on grounds that Turner failed to comply with the agreed terms of reinstatement. As discussed more fully below, we agree that Turner failed to comply and deny reinstatement.

Turner was suspended by an order of this Court on November 20, 1997 for one year.[1] He had sought the suspension in exchange for the termination of two Kentucky Bar Association proceedings then pending against him. These proceedings were thereby terminated.

The first of such proceedings was based upon Turner's violation of SCR 3.130–1.3 and 3.130–1.4. The SCR 3.130–1.3 count was based on his failure to act diligently or promptly with respect to the representation of a client and the 3.130–1.4 count was due to his failure to keep the client reasonably informed.

The charges in the second proceeding were also severe and arose out of a violation of Rule 11 of the Rules of Civil Procedure. There were four counts involving four violations of SCR 3.130–3.1 due to the frivolous, nonmeritorious pleadings and ar-

---

1. *Turner v. Kentucky Bar Association,* Ky., 955    S.W.2d 926 (1997).

guments by Turner in his representation of another client. A fifth count was for the violation of SCR 3.130–1.16(a)(1) for continuing to represent this client in these cases. Turner was assessed approximately $60,000 in sanctions for these Rule 11 violations. Of this amount, approximately $20,000 was assessed against Turner and his client jointly and severally with the remaining $40,000 assessed solely against Turner.

This Court ordered that Turner: 1) be suspended from the practice of law for one year commencing November 20, 1997 to continue until reinstatement; 2) pay the court costs of $210.96; and 3) notify all of his clients in writing within ten days of the order that he will be unable to represent them further.

Turner filed his application for reinstatement on May 14, 1999. The Character and Fitness Committee conducted an investigation after which the Kentucky Bar Association, (KBA), requested a formal hearing which took place on August 9, 2000. The Character and Fitness Committee, (the Committee), filed its report on October 6, 2000.[2] The Committee focused on three questions that Turner was required to prove by clear and convincing evidence:[3] 1) Did he comply with the terms of the order of suspension? 2) Does he possess sufficient professional capabilities to serve the public as a lawyer? 3) Is he of good and moral character? On the first two issues, the Committee found Turner to have met his burden.

Question number three caused the Committee hesitation. Ultimately, the Committee recommended conditional reinstatement. The Committee considered several factors to determine if Turner proved by

clear and convincing evidence that he was of good and moral character. It considered the testimony of witnesses presented by Turner who vouched for his good character and trustworthiness. The Committee did find that Turner was rehabilitated based on the testimony of several witnesses which included statements that his personal situation had ameliorated since the suspension began. The Committee found that he had shown his rehabilitation and that he was worthy of public trust and confidence.

An element of good and moral character that gave the Committee pause was whether Turner had shown fiscal responsibility since his suspension. The Committee found that his outstanding debts were so burdensome that his reinstatement needed to be predicated on a repayment plan. His debts included the Rule 11 sanctions, $97,000 in student loans, and money owed to the Internal Revenue Service and the state of Kentucky for taxes not paid.

The Committee recommended that Turner enter into a "conditional agreement" that required 1) within ninety days of the recommendation, he would make arrangements with his creditors for repayment of his debts, 2) within ninety days of readmission, he would begin repayment of his debts, and 3) for at least one year, he would provide the Committee with proof of payment of debts. Turner signed the agreement on November 15, 2000 at which time he had already made arrangements for the repayment of the debt owed from the Rule 11 sanctions. His reinstatement was contingent on full performance of this agreement.

2. Findings of Fact, Conclusions of Law, and Recommendation of the Character and Fitness Committee of the Kentucky Office of Bar Examiners, In Re: William Lloyd Turner.

3. SCR 3.330.

On March 9, 2001, almost four months after the consent agreement was signed, the Board of Governors rejected the Committee's recommendation by a 16—0 vote. The Board of Governors noted that Turner had not complied with the consent agreement. The first requirement of the agreement was to be completed within ninety days of the Committee's recommendation. Turner was to make arrangements with all creditors within that time but only with respect to the Rule 11 sanctions did he comply. He had not made any additional arrangements by March 9, 2001 although it was beyond the ninety day deadline. At that time, Turner had not made arrangements for and still owed $97,000 in student loans, approximately $12,000 to the Internal Revenue Service and $368.00 to the Kentucky Revenue Cabinet.

■ This opinion is not based on the fact that Turner owed several thousand dollars to creditors. It is based on the fact that Turner signed an agreement but failed to follow through with the promises he made in that agreement. As we noted in *Character and Fitness Committee v. Jones,*[4] "SCR 2.042 does not authorize the Character and Fitness Committee, the Kentucky Bar Association or this Court to assume *sua sponte*, the role of a collection agency for student loan creditors."[5] In that case, we also expressed our concern with compelling bar members to enter into agreements to pay debts completely unrelated to the suspension.

Nevertheless, we must address this case based on the issue at hand: that Turner has failed to meet the conditions set forth in the agreement. *In re Cohen*[6] sets forth the requirements for reinstatement. The applicant must show that his conduct since the suspension proves "that he is worthy of the trust and confidence of the public."[7] "The ultimate and decisive question is whether the applicant is now of good moral character and is a fit and proper person to be re-entrusted with the confidence and privilege of being an attorney at law."[8]

■ Turner's failure to comply with the consent agreement leads us to the conclusion that he is not fit to practice law at this time. He has not shown by clear and convincing evidence that he is of good moral character. This conclusion is based on his failure to comply with the agreement he signed in November, 2000. He did not provide the required documentation of agreements made with his creditors, nor did he provide explanations as to why these documents were not forthcoming. He did not ask for an extension in order to complete arrangements with his creditors. These facts are in contrast to those in *Hubbard v. Kentucky Bar Association,*[9] where the Committee found that Hubbard was making "extraordinary efforts"[10] to meet his financial obligations.

For the foregoing reasons, the Board of Governors' recommendation as to denial of reinstatement is accepted.

LAMBERT, C.J., and GRAVES, JOHNSTONE, KELLER, STUMBO, and WINTERSHEIMER, JJ., concur.

COOPER, J., respectfully dissents for the same reasons expressed in his dissent-

4. Ky., 62 S.W.3d 28 (2001).

5. *Id.* at 31.

6. Ky., 706 S.W.2d 832 (1986).

7. *Id.* at 834.

8. *Id.* (citing *In Re Stump,* 272 Ky. 593, 114 S.W.2d 1094 (1938)).

9. Ky., 66 S.W.3d 684 (2001).

10. *Id.* at 693.

ing opinion in *Character and Fitness Committee v. Jones*, Ky., 62 S.W.3d 28 (2001).

ENTERED: March 21, 2002.

/s/ Joseph E. Lambert
Chief Justice