TO BE PUBLISHED

# Supreme Court of Kentucky

## 2005-SC-0754-KB

EDWIN ALLEN JONES                      MOVANT

V.                  IN SUPREME COURT

KENTUCKY BAR ASSOCIATION            RESPONDENT

## OPINION AND ORDER

This matter is before the Court on the application for reinstatement pursuant to SCR 3.510 of Edwin A. Jones, whose bar roster address is 410 Broadway, Paducah, Kentucky 42001 and whose KBA Member No. is 83477. Jones was admitted to the practice of law in Kentucky on October 12, 1990. On June 12, 2003, he was temporarily suspended from the practice of law because of a conviction for drug-related crimes. Jones is currently 41 years old and has worked as a law clerk for a firm in Paducah since 2004.

## Background

Jones was arrested in February 2002 and charged with drug-related crimes in federal district court. He pled guilty to Misprision of a Felony (for failing to report the drug transaction that led to his arrest) and Possession of Cocaine (for the small amount of cocaine on his person at the time of the arrest), and was sentenced to 26 months in federal prison.

In May 2003, the Inquiry Commission charged Jones with violating SCR 3.130-8.3(b), which provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." On June 12, 2003, Jones was temporarily suspended from the practice of law. On August 26, 2004, Jones was suspended from the practice of law for a period of 30 months to run from the date of the beginning of his temporary suspension.

Jones served approximately 16 months of his criminal sentence, from June 19, 2003 to October 15, 2004. He then underwent a period of supervised probation, which ended October 14, 2005. Jones filed his application for reinstatement on September 22, 2005.

## Character and Fitness Committee

The Character and Fitness Committee held a hearing on the matter in May 2006. The Committee made the following Findings of Fact, Conclusions of Law, and Recommendation:

Jones has served the suspension period ordered by this Court, has not practiced law since his suspension began, and has complied with every term of the suspension order.

Jones's conduct during the suspension period has been above reproach. Individuals interviewed by the Committee's investigator and who voluntarily provided character reference information to the Committee described Jones as trustworthy, intelligent, and competent. Based on this evidence, Jones proved by clear and convincing evidence that he is worthy of the trust and confidence of the public.

2

Jones has complied with his Continuing Legal Education requirements, and has been praised by various members of the Kentucky Bar as a bright, competent lawyer, thus he possesses sufficient professional capabilities to serve the public as a lawyer.

Based on the evidence described above, along with several reference letters and notes from the Committee's investigator (all of which were positive), the Committee found that Jones had presented clear and convincing evidence that he presently exhibits good moral character.

Several individuals interviewed by the Committee's investigator spoke of Jones's sincere remorse and embarrassment for his past misconduct. Other individuals commented that Jones had accepted responsibility for his actions and is focused on rehabilitating himself. When interviewed by the Committee's investigator, Jones personally exhibited regret and embarrassment regarding his actions and expressed the intent to focus on sobriety, to maintain his relationship with his daughter, and to rebuild his legal career. Based on this evidence, the Committee found that Jones had presented clear and convincing evidence that he appreciates the wrongfulness of his prior misconduct, that he has manifest contrition for his misconduct, and that he has rehabilitated himself from his past derelictions.

The Committee members believe that Jones is sincere in his commitment to abstain from drugs and alcohol and to continue his currently successful efforts at rehabilitation. The Committee found that Jones and the legal community would be best served by readmission conditioned on the continuation of support programs that have been effective to date.

The Committee thus recommended that Jones's Application for Reinstatement to the practice of law be approved as a three-year conditional admission. The Committee

specifically recommended that Jones's readmission be conditioned on his continued participation in KYLAP under the terms of the Supervision Agreement he executed on April 6, 2006.

### The Board of Governors

The Board of Governors considered Jones's application for reinstatement at its meeting on July 14, 2006. The Board considered the entire record, including the events and other matters leading up to and following Jones's suspension, the Committee's findings, the position of Bar Counsel (which does not oppose Jones's application), and the many statements submitted from lawyers, judges, acquaintances of Jones, and other people interviewed by the Committee's investigator. Ultimately, the Board recommended that Jones be reinstated.

The Board noted in its recommendation that those statements indicate that Jones regularly attends Narcotics Anonymous meetings five to seven times per week and that he is working regularly as a KYLAP counselor with others who abuse alcohol and drugs. A volunteer with KYLAP supervises Jones in the KYLAP program. The KYLAP volunteer describes Jones as the best KYLAP participant he has ever seen and states that Jones exceeds what is normally required. Jones also works with Teen Challenge, a drug and alcohol rehabilitation program for teenagers. The Board also noted that it believes that Jones's long period of sobriety—since February 6, 2002—is a reliable indicator of his rehabilitation.

The Board also noted that the evidence shows that Jones has dealt responsibly with or resolved issues involving his debts. He filed for and was discharged in bankruptcy, and is currently dealing in a responsible manner with his financial obligations. He is twice divorced, but is a devoted and attentive father to his young

4

daughter, whom he visits every weekend by driving from Paducah to Henderson, Kentucky.

In making its recommendation, the Board considered the requirements of SCR 2.300 and the standards for reinstatement set out by this Court in In re Cohen, 706 S.W.2d 832 (Ky. 1966); Skaggs v. Kentucky Bar Association, 954 S.W.2d 211 (Ky. 1998); Cowden v. Kentucky Bar Association, 997 S.W.2d 9 (Ky. 1999); and Hickey v. Kentucky Bar Association, 118 S.W.3d 588 (Ky. 2003). The Board determined that Jones has fully met all of the standards. The Board reviewed the entire record, including the many positive statements given on Jones's behalf, and determined that Jones has completed all of the administrative steps necessary for reinstatement.[1] The Board also determined that Jones's conduct since his suspension has demonstrated the appropriate degree of rehabilitation necessary to support his reinstatement and that he has accepted full responsibility for his actions.

Based on these findings, the Board voted unanimously (17 to 0) to recommend approval of Jones's application for reinstatement to the Kentucky Bar Association pursuant to SCR 3.510 with the requirement that Jones abide by the conditions set out in his supervision agreement with monitoring by KYLAP for a three-year probationary period.

---

[1] The Board's written recommendation claims that Jones has not completed the CLE requirement, but then notes that he has completed the CLE requirement for the educational year ending June 30, 2007. Based on this latter assertion, which is based on a letter from the Assistant Director of CLE for the KBA certifying that Jones is CLE compliant through June 30, 2007, it is clear that the Board's statement that Jones has not completed his CLE requirement is a mistake. That it was a mistake is even more apparent since the Board notes that Jones has completed the required CLE for this educational year, and includes no recommendation or requirement that Jones complete further CLE before his application be granted.

5

Based on the foregoing facts and recommendations, it is THEREFORE ORDERED that Edwin Jones is reinstated to the practice of law in the state of Kentucky, subject to his continuing monitoring by KYLAP and continued compliance with the conditions set out in his supervision agreement with KYLAP for three years from the date of the entry of this order, and subject to the payment of all costs incurred by the Kentucky Bar Association associated with this proceeding that have not already been paid.

All concur.

ENTERED: October 19, 2006.

_____
CHIEF JUSTICE