TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0068-KB

IN RE: ASHLEE DEHNAE SMITH

IN SUPREME COURT

**OPINION AND ORDER**

Ashlee Dehnae Smith was admitted to the practice of law in the Commonwealth of Kentucky in 2008. Her Kentucky Bar Association (KBA) number is 92773, and her bar roster address is 153 Cobblestone Way, Corbin, Kentucky 40701. Smith has been suspended from the practice of law in the Commonwealth since January 18, 2019. She now applies for reinstatement pursuant to SCR[1] 3.502. The Character and Fitness Committee (Committee) of the Kentucky Office of Bar Admissions has unanimously recommended reinstatement. We agree with and adopt the Committee's recommendation.

Smith was originally suspended from the practice of law for non-compliance with the minimum continuing legal education (CLE) requirements for the 2017-2018 educational year, after Smith failed to avail herself of multiple opportunities to become compliant. Shortly thereafter, Smith appealed her suspension and certified to this Court she had attended a CLE program in December 2017 for which she should receive credit. It was

---

[1] Rules of the Supreme Court.

subsequently determined Smith had not, in fact, attended the CLE program and the KBA Inquiry Commission brought disciplinary charges based on her false statements to this Court and the KBA as well as her failure to maintain an updated bar roster address. At the conclusion of a lengthy disciplinary process, Smith was found guilty of the four violations contained in the charge and was suspended from the practice of law for three years with a retroactive starting date of November 4, 2019. *Kentucky Bar Ass'n v. Smith*, 671 S.W.3d 277 (Ky. 2023). Smith filed for reinstatement on January 12, 2024, and the Committee convened a hearing on the application on September 24, 2024.

In the years since her suspension began, Smith has spent time raising her three children, assisted with customer relations and order processing for her husband's business, and spent substantial time teaching dance to children at a private dance school and volunteering as a dance coach for a nearby school. Smith is currently compliant with her CLE requirements and has otherwise fulfilled the prerequisites contained in our prior order for reinstatement. Since her suspension, she has not engaged in conduct which would reflect negatively on her character and fitness to practice law. She has expressed remorse for her conduct and although she still maintains she attended the CLE program in December 2017, has expressed an understanding of why she was found guilty of making false representations leading to her suspension. Thus, while not admitting she committed the conduct, Smith has demonstrated an awareness of the nature and wrongfulness of the conduct for which she was disciplined. The Committee noted that relitigating the factual

2

underpinnings of a prior suspension is not within the realm of reinstatement proceedings which are intended to determine whether a suspended attorney presently is of such character to be reinstated to the practice of law. *See In re Cohen,* 706 S.W.2d 832, 834 (Ky. 1986) ("The requirements for reinstatement in disbarment proceedings provide that it is not necessary that a disbarred lawyer confess guilt, but he must at least manifest a sense of wrongdoing. He should realize the seriousness of his prior conduct. The ultimate and decisive question is whether the applicant is now of good moral character and is a fit and proper person to be reentrusted with the confidence and privilege of being an attorney at law."). After considering all of the information elicited during the hearing, and analyzing the factors set forth in SCR 3.503, the Commission unanimously recommended reinstatement.

SCR 3.502(1) prohibits any former member of the KBA who has been suspended for 181 days or more from resuming the practice of law until she is reinstated by this Court. The Applicant has the burden "to prove by clear and convincing evidence that he/she possesses the requisite character, fitness and moral qualification for re-admission to the practice of law." SCR 3.502(5). After the Office of Bar Counsel investigates the application, the matter proceeds to the Committee to conduct a hearing and issue a report. *Id.* at (6). "Either party may file a notice of appeal of the Committee's report . . . . If no notice of appeal is timely filed, the entire record shall be forwarded to the Court for entry of a final order pursuant to SCR 3.370(9)." *Id.* at (6)(d).

SCR 3.370(9) allows this Court to review the decision of the Committee. If we choose to do so, each party is permitted to file a brief. *Id.* However, if we do not choose to review the Committee's recommendation, we "shall enter an order adopting" the Committee's recommendation. *Id.* at (10).

Having reviewed the record before us and the Committee's recommendation, we elect not to review the recommendation and hereby adopt the Committee's recommendation under SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED that Ashlee Dehnae Smith's Application for Reinstatement to the KBA pursuant to SCR 3.502 is approved. Pursuant to SCR 3.503(5), Smith is directed to pay all costs associated with this reinstatement proceeding in the amount of $146.38 which should be paid from the deposit against costs. If these costs exceed the deposit paid by Smith, she shall pay any additional costs. If there is any amount remaining after the KBA has recovered its costs, this amount will be refunded to Smith.

Bisig, Conley, Goodwine, Keller, Nickell, and Thompson, JJ., sitting. All concur. Lambert, C.J., not sitting.

ENTERED: March 20, 2025.

_____
DEPUTY CHIEF JUSTICE

4