**Bruce P. ZALMAN, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 89–SC–000283–KB.**

Supreme Court of Kentucky.

May 4, 1989.

---

## OPINION AND ORDER

STEPHENS, Chief Justice.

This case coming on to be heard on the motion of movant, Bruce P. Zalman, to be permitted to resign from the Kentucky Bar Association under the terms of disbarment, said grounds for such motion being as follows:

1. The Inquiry Tribunal of the Kentucky Bar Association filed a charge against movant on December 28, 1988, which alleged that movant had engaged in a course of conduct between May 1, 1980, through October 1985 of arranging fraudulent marriages between citizens of the United States and Iranian nationals for the purpose of obtaining permanent resident status for the Iranian nationals;

2. Movant was convicted on all five (5) counts in the indictment following a jury trial on July 16, 1987, and was sentenced to serve three (3) years on each conviction. The court ordered the sentences to be served concurrently, for a total period of confinement of three (3) years;

3. Movant appealed his conviction to the United States Court of Appeals for the Sixth Circuit, and that court affirmed the conviction on four (4) counts of the indictment and reversed on Count One in an opinion filed February 23, 1989;

4. Movant acknowledges that his criminal conviction violated the Code of Professional Responsibility and constituted conduct which was unethical and unprofessional and tended to bring the bench and bar into disrepute as alleged in a charge of the Inquiry Tribunal.

The Kentucky Bar Association having no objection to said resignation under the terms of disbarment, IT IS HEREBY ORDERED:

1. Movant shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as the Supreme Court of Kentucky enters an order reinstating his license to practice law.

2. Movant shall not file an application for reinstatement for a period of five (5) years from the date the court enters an order granting his motion to resign. Notwithstanding the five-year period mentioned above, movant will not file an application for reinstatement without presenting evidence that he has satisfied the judgment of conviction against him in the United States District Court.

3. Any application for reinstatement filed by movant shall be governed by SCR 3.520, reinstatement in cases of disbarment, or any subsequent amendment to SCR 3.520.

4. All charges issued by the Inquiry Tribunal and all disciplinary proceedings pending against movant shall be terminated, with the costs to be paid by movant in accordance with SCR 3.450(1) and SCR 3.480(3).

5. Movant shall comply with the provisions of SCR 3.390 regarding notice to all

courts in which he has matters pending and to all clients for whom he is actively involved in representation of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Movant shall furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

So much of this proceeding as contained in this order shall constitute public record.

All concur.