**Bruce Perryn ZALMAN, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 98–SC–0661–KB.**

Supreme Court of Kentucky.

Aug. 22, 2002.

---

### OPINION AND ORDER

Applicant, Bruce Perryn Zalman, was admitted to the practice of law in the Commonwealth of Kentucky in September 1972. In 1987, a United States Grand Jury for the Western District of Kentucky indicted Zalman on five counts of arranging fraudulent marriages between United States citizens and Iranian nationals. He was convicted on all five counts and sentenced to three years on each count, to run concurrently. The Sixth Circuit Court of Appeals reversed one conviction but affirmed the remainder.

As a result of these convictions, the Kentucky Bar Association (KBA) initiated proceedings against Zalman for unethical and unprofessional conduct in violation of applicable disciplinary rules. On April 13, 1989, Zalman moved to resign from the KBA under terms of disbarment, acknowledged that his criminal conduct violated the Code of Professional Responsibility, and agreed that his conduct was unethical and unprofessional and brought the bench and bar into disrepute.

In a May 4, 1989, Opinion and Order, Zalman was disbarred until reinstated by order of this Court. The order further provided that Zalman be prohibited from filing for reinstatement for five years from the date of disbarment; that he present evidence that he had satisfied the judgment and conviction of the United States District Court; that he pay the costs of the proceedings against him; and that he notify his clients and the courts of his disbarment. *Zalman v. Kentucky Bar Association,* Ky., 769 S.W.2d 41 (1989).

On August 10, 1998, Zalman filed an application for reinstatement. The proceedings were conducted under SCR 3.520 as they began prior to the effective date of deletion of that rule. Thus, the application was transmitted to the Character and Fitness Committee and the Director of Continuing Legal Education. The CLE director verified that Zalman had met the requirements for reinstatement. On August 10, 1999, a majority of the Character and Fitness Committee denied Zalman's application for reinstatement on the grounds that he had failed to state a present intent to practice law in the Commonwealth of Kentucky, and thus no "compelling and justifiable" basis existed for reinstatement. The Trial Commissioner subsequently disagreed and recommended reinstatement. That recommendation was then forwarded to the Board of Governors of the Kentucky Bar Association, which recommended reinstatement by a vote of fifteen to zero.

By order dated November 22, 2000, this Court reinstated Zalman to the practice of law. However, the Character and Fitness Committee thereafter filed a motion for reconsideration stating that the reinstatement order was premature since Zalman had not yet taken or passed the written examination required for restoration of his membership. As such, on February 22, 2001, we vacated the prior order of reinstatement. Further, on April 26, 2001, we abated Zalman's motion for reconsideration for a period of one (1) year, during which time he was to proffer evidence of his successful passage of the required examination.

On April 8, 2002, The Kentucky Board of Bar Examiners certified to this Court that Zalman took and received a passing score on the examination which was administered on February 20, 2002. Further, the Director of Continuing Legal Education has verified that Zalman has completed more than the maximum requirement of 62.5 CLE credits, including 10.0 ethics credits.

It is not contested by the Character and Fitness Committee, the Trial Commissioner, or the Board of Governors that Zalman has complied with all of the requirements of reinstatement and has demonstrated that he is worthy of the trust and confidence of the public. He has shown that he is now of good and moral character and that he appreciates the wrongfulness of his acts and has atoned for his misconduct. *In Re Cohen*, Ky., 706 S.W.2d 832 (1986).

Based upon the foregoing facts, it is ordered that the recommendation of the Board of Governors for reinstatement be adopted. It is further ordered that:

1. Applicant, Bruce Perryn Zalman, is hereby reinstated to practice law in the Commonwealth of Kentucky, subject to current compliance with Continuing Legal Education standards.

2. Applicant is directed to pay all costs associated with his reinstatement application, said sum being $903.71, and for which execution may issue from this Court upon finality of this Opinion and Order.

3. Further, Applicant is directed to pay an additional $21.00, such amount representing the increase of annual Bar dues from $200.00 to $221.00.

All concur.

ENTERED: August 22, 2002.

/s/ Joseph E. Lambert
  Chief Justice