## Commonwealth, on Relation, et al. v. J. K. McGoodwin, Clerk Caldwell Circuit Court, et al.

(Decided January 23, 1925.)

### Appeal from Caldwell Circuit Court.

1. Evidence—Judicial Notice Taken by Court of Appeals as to Persons Holding County Offices.—The Court of Appeals takes judicial notice as to persons holding county offices.

2. Evidence—Judicial Notice Taken that County Attorney, who Instituted Proceeding as Such, did Not Occupy Office at Time of Appeal.—In mandamus by county attorney to compel circuit court clerk to permit him to examine and compare jury lists, the Court of Appeals will take judicial notice that relator, at time of appeal from judgment of dismissal, is no longer county attorney.

3. Appeal and Error—Appeal from Judgment of Dismissal in Mandamus Will be Dismissed, where Relief, if Granted, would be of no Benefit to Relator.—Where county attorney, who brought proceeding in mandamus to compel circuit court clerk to permit him to examine jury list filed in clerk's office, no longer occupied such office at time of his appeal from judgment of dismissal, the appeal will be dismissed, since relief sought, if granted, would no longer be of benefit to him.

S. D. HODGE and FRANK E. DAUGHERTY, Attorney General, for appellant.

J. E. BAKER for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Dismissing appeal.

This court takes judicial notice of who are the officials of the several counties. It therefore knows judicially that the appellant, S. D. Hodge, former county attorney of Caldwell county, who instituted this action and prosecutes this appeal on relation, in the name of the Commonwealth, no longer occupies that position, and that the same is now held by another.

The relief sought in his action was a mandatory injunction against the circuit court clerk of Caldwell county and his deputy requiring them to permit him as county attorney the privilege and right to examine and compare the jury lists made by the judge of the circuit court at the June term, 1924, and filed in the clerk's office, with the copy of such lists furnished by the clerk of the circuit court to the sheriff of that county and returned to the clerk's office on the first day of the October term of the Caldwell circuit court, to the end that he as county

attorney might more efficiently represent and protect the interests of the Commonwealth upon the trial of causes pending in the court in which the Commonwealth was interested.

Manifestly if the judgment of the circuit court sustaining the demurrer to and dismissing his petition should be reversed by this court, and he should in the end be granted all the relief sought, that relief would be of no practical value to him or to the Commonwealth, because he, not now being county attorney, could not avail himself of the information so obtained or benefit the Commonwealth by the acquisition of such information.

His successor in office has not asked to be substituted as appellant in this court, and presumably therefore does not share in his desire to prosecute this appeal.

The appeal is dismissed.