**In re George H. WEAKS.**

Court of Appeals of Kentucky.

Dec. 12, 1958.

PER CURIAM.

Three charges were made by the Kentucky State Bar Association in a disciplinary proceeding against George H. Weaks. They were: (1) Misappropriation of funds received by him while in public office; (2) improper handling of other funds received by him; and (3) conduct unbecoming the profession. Each of the charges was sustained by proof. At a hearing before the Board of Bar Commissioners, he was found guilty, and it was recommended that he be suspended from the practice of law until such time as he is able to show that he has rehabilitated himself and to conduct himself in a manner becoming a member of the Bar.

Weaks, an attorney at law in Murray, was Clerk of the Calloway Circuit Court in 1956. On December 3, 1956, Draft No. 3928 in the sum of $2,319.09 of the C.I.T. Credit Corporation, payable to George H. Weaks, as Clerk, was delivered to him. The sum was paid pursuant to an order in the Calloway Circuit Court in an action styled L. L. Veal, Plaintiff v. O. O. Dublin, Defendant, and Charles Clark, M.D., Intervenor. By the terms of the order, the money was to be paid equally to Veal and Clark.

Numerous unsuccessful demands for payment were made on Weaks by the respective attorneys representing Veal and Clark. The money was paid on February 12, 1958, by the Maryland Casualty Company, as surety on Weaks' bond, after suit had been filed. The Commonwealth of Kentucky intervened in the action and sought recovery of $4,048.81 for funds allegedly collected by Weaks in his official capacity and for which he had not properly accounted. The record fails to show the final disposition of this claim. Weaks was indicted for his conduct in the Veal v. Dublin matter. The disposition of the indictment is not shown.

The second charge concerned the improper endorsement of a check. Weaks

compromised two judgments against his client, Charles Novis Pate. In satisfaction, Pate executed his check in the sum of $500, payable to Wells Overbey, attorney for the claimants. The check was delivered by Pate to his attorney, Weaks, who endorsed the check "Wells Overbey by Geo. H. Weaks" and collected the money without authority from Overbey. Weaks paid the money to Overbey shortly thereafter, and the matter was concluded.

The third charge consisted of three convictions for drunkenness in a public place based on conduct occurring in Murray a short while before the complaint was filed.

Mail directed to Weaks at Murray, Kentucky, following his notification of the filing of the complaint was returned with the notation "Moved—Left No Address". In this Court, he was proceeded against by warning order. The warning order attorney's report shows that mail reached Weaks at an address in Detroit, Michigan. The report shows that Weaks received notice of the proceeding and talked with the warning order attorney by telephone, at which time he gave his address as 20091 Burt Road, Detroit, Michigan. Judicial notice is taken that Weaks is no longer Clerk of the Calloway Circuit Court. Commonwealth v. McGoodwin, 206 Ky. 762, 268 S.W. 548.

No response to the charges in the complaint was made by Weaks. When the respondent fails to answer a complaint, the allegations thereof may be taken as confessed. RCA 3.290. The record of the proceeding of the Bar Association was filed in this Court, and Weaks was proceeded against by warning order. No response has been made by him in this Court. In such cases, the rule is made absolute, and it is required that judgment be entered adjudging George H. Weaks guilty of unprofessional conduct and that the recommendation of the Bar Association suspending him from the practice of law be approved. RCA 3.450.