**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Michael B. RONEY, Respondent.**

**No. 93–SC–237–KB.**

Supreme Court of Kentucky.

Sept. 30, 1993.

Scott D. Majors, Bruce K. Davis, Kentucky Bar Ass'n, Frankfort, for complainant.

Michael B. Roney, pro se.

### OPINION AND ORDER

On August 31, 1992, a disciplinary complaint was filed with the Kentucky Bar Association against the respondent, Michael B. Roney. A copy of the complaint was served on the respondent on September 2, 1992. At that time, Roney was advised that he had 15 days to acknowledge receipt of the complaint or to respond to the merits. He did neither.

On October 20, 1992, 33 days after the deadline to file had lapsed, the KBA notified respondent that the investigation would be submitted to the Inquiry Tribunal on October 26, 1992. On October 21, 1992, Roney requested that he be given until November 16, 1992, as an extension to file his response. Respondent was granted an extension of 59 days beyond the original date that his response was due. A response to the disciplinary complaint was never filed.

On February 1, 1993, a Charge was filed with the KBA against Roney. Roney was personally served with a copy of the Charge on February 11, 1993. To date, no response has been filed.

Respondent was notified by a letter dated March 11, 1993, that the investigation would be considered by the Board of Governors on March 19, 1993. The Board of Governors found respondent guilty on each of the six separate counts contained in the Charge. At no point in this procedure did respondent move the Board of Governors for leave to file a brief or present oral argument.

The KBA found Roney guilty on the following charges:

1) Failing to timely respond to interrogatories which resulted in dismissal of his client's civil action;

2) Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation by misrepresenting the true status to his client;

3) Failing to obtain New Jersey counsel to assist in defending an action filed there against his client, failing to assert a counterclaim thereto and failing to reasonably and promptly protect his client's interest in a Jessamine Circuit Court suit;

4) Telling his clients a series of untruths about the status and effect of judgments and attachments against his client;

5) Respondent was paid a separate fee to secure and pay local counsel in New Jersey, which task respondent did not accomplish. These funds were not earned and should have been refunded to his client;

6) For the same conduct referred to in the fifth count, the respondent has violated SCR 3.130–1.15(b) which provides in part that, upon receiving funds in which a client or third party has an interest, a lawyer shall promptly notify the client or third person, and a lawyer shall promptly deliver to the client or third person any funds that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

The KBA found Roney guilty of these charges and voted to disbar him.

■ Respondent requests that this Court remand the matter to the Board of Governors so that he can present his version of the events, which were set forth in the six counts of the Charge. In his brief in support of notice for review, Roney states the disciplinary complaint filed with the KBA is "an incomplete and totally one-sided recitation of events." Roney then attempts to complete the recitation by explaining his side of the events.

Roney admits that he failed to respond to the complaint or the charge. He states that his "failure to earlier intervene was at best a result of a naive view of the complaint, and at worst an almost inexcusable negligence." Respondent asserts that he viewed the complaint as one which would not result in strong disciplinary action against him.

 The record establishes that respondent has been afforded the full measure of due process. When an attorney fails to respond to a complaint, the allegation of the complaint may be taken as confessed. *In re Weaks*, Ky., 318 S.W.2d 850 (1958). Roney was provided an opportunity to (1) file a response to the complaint; (2) file and answer to the Charge; and (3) request oral argument or submit a brief to the Board of Governors. He failed to respond in any manner. Thus respondent failed to preserve his option to argue his view and to present evidence. Since respondent has not disclosed any newly-discovered matter, he has not demonstrated sufficient cause that would justify remanding this matter to the Board of Governors.

While disbarment is an extreme penalty, respondent has failed to demonstrate good cause why the Board of Governor's report recommending disbarment should not be adopted. Respondent failed to respond to the complaint, the charge or the Board of Governors. He has not presented this Court with any newly-discovered matters or even a good reason why this Court should not adopt the Board's recommendation pursuant to SCR 3.370.

WHEREFORE, IT IS ORDERED that the respondent be, and he is hereby, disbarred from the practice of law in the Commonwealth of Kentucky.

The respondent is ordered to notify all courts in which he has matters pending, all clients for whom he is actively involved in litigation, and similar legal matters, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within 10 days of the date of this order, and respondent shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association.

The respondent shall seek reinstatement only under the provisions of SCR 3.520, and the respondent shall pay the costs of this action.

This order shall constitute a public record.

LAMBERT, LEIBSON, REYNOLDS, SPAIN and WINTERSHEIMER, JJ. concur.

COMBS, J., dissents and would review the recommendation.

STEPHENS, C.J., not sitting.

ENTERED: September 30, 1993.

/s/ Charles M. Leibson

CHARLES M. LEIBSON,
Deputy Chief Justice