**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Rhonda McClure WATSON, Respondent.**

No. 94–SC–103–KB.

Supreme Court of Kentucky.

April 21, 1994.

Barbara S. Rea, Kentucky Bar Ass'n, Frankfort, for complainant.

Rhonda McClure Watson, pro se.

*OPINION AND ORDER ADOPTING THE RECOMMENDATION OF THE BOARD OF GOVERNORS FOR DISBARMENT*

The Kentucky Bar Association has recommended that Respondent be disbarred. Respondent, Rhonda McClure Watson, has been charged with two counts of violations under SCR 3.130, *et seq.* Count One charges her with violating SCR 3.130–8.3(c) on evidence that between January and May of 1993 Respondent "spent, borrowed without authorization, used, mishandled, misappropriated or otherwise stole $2,000.00 from her client Nelson Malone." Count Two charges Respondent with violation of SCR 3.130–1.15(a) for "failure to keep the settlement money belonging to Nelson Malone separate from Respondent's money." The charges were filed September 22, 1993, and notice was served on October 7, 1993. Respondent failed to answer the charges and this matter is considered as a default case under SCR 3.210(1).

Respondent represented Nelson Malone in a civil action in the Henry Circuit Court. The case ultimately was settled, and Nelson Malone's share of the settlement proceeds was $2,000.00. There is uncontested evidence in the record that Nelson Malone appeared at Respondent's office, at her request, for the purpose of signing the release documents, but at that time was not given any portion of the settlement check. Instead, Respondent indicated to her client that she would mail the check "within the next several days." Many weeks went by without receipt by Malone of the settlement proceeds. He began calling Respondent's office requesting his money. He was finally instructed that his portion of the settlement check was ready, and that he could obtain it by stopping by Respondent's office to claim the check. In April, 1992 he received the settlement check in the amount of $2,000.00 from the Respondent's secretary. When he attempted to cash the check, it was returned by the bank for insufficient funds. Malone attempted to cash the check on several other occasions and each time it was returned for insufficient funds. On the last occasion the bank wrote on the check "DO NOT PRESENT AGAIN."

The Board of Governors found that Respondent was admitted to the practice of law on November 3, 1989. Prior discipline consisted of an order of 59 days suspension entered by this Court on September 30, 1993, and an order of temporary suspension entered by this Court on December 22, 1993. There were no other suspensions, withdrawals or resignations of membership in the Kentucky Bar Association. The Board then voted on the issue of punishment. There were twelve (12) unanimous votes to disbar.

Neither the Kentucky Bar Association nor the Respondent has requested review of this matter. As such, and it otherwise appearing that the evidence supports the findings and recommendation of the Kentucky Bar Association,

IT IS THEREFORE ORDERED:

That Respondent, Rhonda McClure Watson, be and is hereby disbarred from the practice of law in the Commonwealth of Kentucky.

Respondent is directed to pay the costs of this action in the amount of $30.62.

Pursuant to SCR 3.390, the Respondent shall, within ten (10) days from the date of the entry of this order, notify all clients in writing of her inability to represent them and to all courts in which she has matters pending, and furnish photostatic copies of said letters of notice to the director of the Kentucky Bar Association.

All concur.

/s/ Robert F. Stephens
CHIEF JUSTICE