**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Michael B. RONEY, Respondent.**

**No. 2006–SC–000694–KB.**

Supreme Court of Kentucky.

Dec. 21, 2006.

### OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Michael B. Roney be permanently disbarred from the practice of law. We agree with the Board's recommendation. Roney was admitted to the practice of law in September 1973; and his bar roster address is 239 South 5th Street, Suite 500, Louisville, Kentucky 40202.

The Board's recommendation is based on Roney's misconduct in four separate cases and his lengthy history of unprofessional conduct. In order to demonstrate why Roney's conduct warrants disbarment, we must briefly set forth the facts of each case.

## A. KBA File No. 11893

Charles Collier hired Roney to represent him in seeking post-conviction relief in a criminal case. Roney assured Collier that he would begin to work on Collier's case as soon as he received $1,000.00 from Collier. Collier gave the $1,000.00 to Roney; but Roney did not complete the work on Collier's case, failed to return Collier's phone calls, and failed to return the $1,000.00 to Collier.

## B. KBA File No. 12296

Robert Childers paid Roney $500.00 to file a motion to terminate supervised release in federal court. Roney did not file the motion, nor did he provide any other legal services to Childers. Roney falsely informed Childers that he had filed the motion. Roney did not return the $500.00 to Childers.

## C. KBA File No. 12349

Robert Bogard paid Roney $1,000.00 to collect on a judgment and to file a lien on a piece of real property. Bogard informed Roney that time was of the essence. Nevertheless, Roney failed to file the lien; and he did not attempt to collect the judgment. Roney did not return the $1,000.00 to Bogard.

## D. KBA File No. 12701

Vickie Haycraft paid Roney $3,000.00 to represent her son in a criminal case. Roney told Haycraft that all of his assets were tied up in a divorce action, and he asked to borrow $500.00 from Haycraft.

Haycraft loaned the money to Roney. Roney failed to perform the agreed upon legal work for Haycraft's son; and Haycraft was forced to pay $5,000.00 to obtain the services of another attorney. Roney failed to repay either the $500.00 loan or to return any portion of the $3,000.00.

■ Roney failed to respond to any of these allegations, and he was ultimately charged in all four cases with:

- violating Kentucky Supreme Court Rule (SCR) 3.130(1.3) (failing to exercise reasonable diligence); SCR 3.130(1.4)(a) and (b) (failing properly to communicate with a client); SCR 3.130(1.5)(a) (charging unreasonable fees);
- violating SCR 3.130(1.16)(d) (failing to refund any fees not earned upon termination of representation);
- violating SCR 3.130(8.1)(b) (failing to respond to a lawful demand for information from a disciplinary authority); SCR 3.130(8.3)(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation);
- violating SCR 3.130(1.1) (failing to provide competent representation) in the cases involving Childers and Bogard; and
- violating SCR 3.130(1.8)(a) (entering into a business transaction with a client) in the case involving Haycraft.

The Board unanimously found Roney guilty of all twenty-seven counts of misconduct stemming from the four cases.

■ In determining the appropriate discipline to be imposed, the Board considered Roney's lengthy disciplinary history. Roney received a private admonition in December 1992, as well as two additional private admonitions in May 2006. Furthermore, Roney received a public reprimand in January 1992 for his guilty plea to

a misdemeanor charge of theft by deception under $100.[1] Most seriously, Roney was disbarred in September 1993 for engaging in improper conduct, which included lying to his clients about the status of cases, failing to hire counsel to assist him in defending a client in New Jersey, and failing to return the fee paid by the client to acquire the services of counsel in New Jersey.[2] We accepted the Board's recommendation and reinstated Roney to the practice of law in 2001.[3] But Roney was suspended again for non-payment of bar dues and non-compliance with mandatory continuing legal education in January 2005.

Roney has failed to take advantage of the second chance we afforded him. Instead, he has returned to regrettable patterns of serious misconduct that reflect poorly upon him and the legal profession in general. We stated when we disbarred Roney in 1993:

> [w]hile disbarment is an extreme penalty, respondent has failed to demonstrate good cause why the Board of Governor's report recommending disbarment should not be adopted. Respondent failed to respond to the complaint, the charge[,] or the Board of Governors. He has not presented this Court with any newly-discovered matters or even a good reason why this Court should not adopt the Board's recommendation pursuant to SCR 3.370.[4]

So, based on Roney's lengthy history of improper conduct, we believe the Board's recommendation of permanent disbarment is amply justified. Roney has not filed a notice of review under SCR 3.370(8); nor do we elect to review the decision of the Board under SCR 3.370(9), meaning that the decision of the Board is hereby adopted under SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED that:

1) Respondent, Michael B. Roney, is permanently disbarred from the practice of law;

2) In accordance with SCR 3.450, Roney is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $887.44, for which execution may issue from this Court upon finality of this Opinion and Order; and

3) Under SCR 3.390, Roney shall, within ten (10) days from the date of entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Executive Director of the Kentucky Bar Association. Furthermore, to the extent possible, Roney shall immediately cancel and cease any advertising activities in which he is engaged.

All concur.

ENTERED: December 21, 2006.

/s/ Joseph E. Lambert
Chief Justice

---

1. *See Kentucky Bar Association v. Roney,* 822 S.W.2d 416 (Ky.1992).

2. *See Kentucky Bar Association v. Roney,* 862 S.W.2d 315 (Ky.1993).

3. *See Roney v. Kentucky Bar Association,* 44 S.W.3d 372 (Ky.2001).

4. *Roney,* 862 S.W.2d at 317.