### KENTUCKY BAR ASSOCIATION, Movant,

### v.

### James Kevin MATHEWS, Respondent.

### No. 2009–SC–000266–KB.

Supreme Court of Kentucky.

Aug. 27, 2009.

As Corrected Sept. 24, 2009.

---

**OPINION AND ORDER**

The Kentucky Bar Association (KBA) Board of Governors requests this Court

adopt their recommendation and enter a 181 day order of suspension against Respondent, James Kevin Mathews, KBA Member No. 84435 (suspended as of January 31, 2008 for failure to pay bar dues), with a last known bar roster address of 2801 Creekside Drive, Louisville, Kentucky 40241. Finding 181 days suspension an appropriate sanction, we hereby grant the Board of Governors' motion.

On February 2, 2009, the KBA Inquiry Commission issued a three-count Charge against Respondent stemming from an IOLTA account Respondent maintained with Republic Bank and Trust Company in Louisville, Kentucky. SCR 3.130–1.15 requires attorneys to hold the funds of clients or third parties in escrow or trust accounts, which are to be kept separate from the attorney's personal or business account. Such account must, "be maintained in a bank which has agreed to notify the Kentucky Bar Association in the event that any overdraft occurs in the account."

From late 2007 to early 2008, the KBA received thirteen (13) notices of insufficiency of Respondent's escrow account from Republic Bank and Trust Company. Respondent initially responded to the KBA's requests for explanations of the deficiencies. In one of those replies, Respondent indicated that the accounts did not contain client funds. When the KBA requested proof that the deficiency had been corrected, Respondent ceased responding to the KBA's requests.

On November 12, 2008, a subpoena duces tecum was issued to Republic Bank and Trust Company requesting the records for Respondent's account. The bank records revealed that client funds had been deposited into Respondent's account on at least three dates in late 2007. Further, the records showed that several checks had been written to the Respondent as "cash" and "draw," and to Respon-

dent's wife for "taxes," "marketing/office supplies" and "undistributed legal fees."

The KBA Disciplinary Clerk filed a complaint and mailed it to Respondent via certified mail in July 22, 2008, but the envelope was returned marked "Moved Left No Address." The KBA Executive Director completed service upon the Respondent on August 8, 2008. The Respondent failed to file a response. The Charge was filed on February 2, 2009 and mailed to the Respondent via certified mail, but, after being returned in the same manner as the Complaint, service was completed on February 17, 2009. The Respondent failed to answer the Charge.

In Count I of the Charge, Respondent was charged with violating SCR 3.130–1.15(a)[1], stating "[a] lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from a lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person."

Count II of the Charge alleged Respondent violated SCR 3.130–8.1(a), which states "[a] lawyer, in connection with . . . a disciplinary matter, shall not knowingly make a false statement of material fact." This allegation was based on Respondent's assertion that his escrow account did not contain client funds, which was contradicted by the bank records.

Count III charged that the Respondent violated the part of SCR 3.130–8.1(b) which provides "[a] lawyer in connection with . . . a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from a . . . disciplinary authority . . ." This allegation was

based on Respondent's failure to respond to the Complaint.

This case was presented to the Board of Governors on March 20, 2009. The Board found Respondent guilty of Count I and Count III of the charge, and not guilty of Count II. The Board considered Respondent's prior discipline and ultimately recommended that Respondent be suspended for 181 days from the practice of law to run concurrent with the matters presently pending before the Supreme Court in KBA Files No. 16275 and 16524.

▪ The records obtained from Republic Bank and Trust Company show a clear violation of SCR 3.130–1.15(a). The KBA made numerous attempts to allow Respondent to explain and correct the discrepancy in his escrow account. Because of Respondent's failure to respond, we find good cause to adopt the Board's recommendation and suspend Respondent from the practice of law.

ACCORDINGLY, the Court ORDERS:

1) Respondent, James Kevin Mathews, is adjudged guilty of violating SRC 3.130–1.15(a) and SRC 3.130–8.1(b) as charged in KBA File 15599;

2) Respondent is hereby suspended from the practice of law for 181 days from the date of this Opinion and Order, to run concurrent with the matters presently pending before the Supreme Court in KBA Files No. 16275 and 16524;

3) Pursuant to SCR 3.390, Respondent shall notify all courts in which he has matters pending of his suspension from the practice of law, and notify all clients in writing of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall

---

1. The charges were filed prior to the most recent amendments to SCR 3.130 (effective July 15, 2009) and thus all citations here are to the former rules.

be by letter duly placed in the United States mail within ten (10) days of the date of this order. Respondent shall simultaneously provide a copy of all such letters to the Kentucky Bar Association. Furthermore, to the extent possible and necessary, Respondent shall immediately cancel and cease any advertising activities in which he is engaged.

4) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings in the amount of $509.83, for which execution may issue from this Court upon finality of this Opinion and Order; and

5) If Respondent fails to comply with any of the terms of discipline as set forth herein, upon motion of the Office of Bar Counsel, the Court may impose other discipline in this matter.

All sitting. All concur.

ENTERED: August 27, 2009.

/s/ John D. Minton, Jr.
CHIEF JUSTICE