KENTUCKY BAR ASSOCIATION,
Movant,

v.

James Kevin MATHEWS, Respondent.

No. 2010–SC–000024–KB.

Supreme Court of Kentucky.

April 22, 2010.

## OPINION AND ORDER

The Board of Governors for the Kentucky Bar Association (KBA) has recommended that Respondent, James Kevin Mathews, KBA Member No. 84435, with a last known bar roster address of 1812 Elm Street, Henderson, Kentucky 42420, be permanently disbarred from the practice of law and ordered to pay full restitution to his client. We agree with the Board's rulings and adopt its recommendations.

### KBA File No. 16272

Mathews represented Matthew Meyer in a personal injury case and obtained a $45,000 settlement. Mathews' fee was $18,000, plus an additional $2,279.60 in expenses, and Mathews turned over a check to Meyer in the amount of $9,720.40 with the understanding that he would assist him in obtaining an annuity with the remaining $15,000. Meyer never received any payments on the annuity and, several months later, Mathews stated that Meyer should withdraw the money from the annuity. Accordingly, Mathews stated that he would obtain the necessary paperwork.

Meyer waited several months but did not receive any documents from Mathews. When Meyer called, Mathews vowed that he would obtain the documents and send Meyer a personal check for $1,000 to assist him with his bills. Meyer never received the check but eventually received the doc-

uments, which he signed, notarized, and returned to Mathews.

Meyer never received his money and he called Mathews again. Mathews stated that he would contact the company himself, but he later informed Meyer that he was unable to make contact with anyone. Consequently, Mathews stated that he would consult with the judge regarding the matter. Meyer, however, never heard from Mathews again and never received his remaining $15,000.

The Disciplinary Clerk filed Meyer's Bar Complaint and sent a copy to Mathews via certified mail before it was later returned "unclaimed," indicating three attempts at service. On May 7, 2008, Mathews was personally served by the Jefferson County Sheriff, but he failed to file a response within twenty days. A reminder letter was sent and similarly returned after several attempts at service. Mathews was no longer at his previous address and could not be found.

Investigating the Bar Complaint, the Inquiry Commission issued a subpoena seeking Mathews' escrow account records. The records showed that Mathews withdrew the remaining proceeds from Meyer's settlement in late May and early June of 2007. According to information obtained from JMW Settlements, the company that supposedly provided the annuity, Mathews wrote a check to Hartford Life on or around June 5, 2007 to fund Meyer's annuity. The check, however, was returned due to insufficient funds and the annuity was, in fact, never funded.

On June 4, 2009, Mathews sent an email to the KBA stating that his membership had lapsed. On June 18, 2009, he contacted the Office of Bar Counsel, who informed him of the status of his disciplinary cases, obtained his new address, directed him to the reinstatement rule, and requested that he respond to the Bar Com-

plaint. Mathews was also advised to update his bar roster address and, that same day, a copy of the Complaint was sent to his new address by certified mail.

Bar Counsel later received a letter from Mathews requesting more information and stating that he could not find any records showing that he had represented Meyer. Bar Counsel replied by letter, enclosing copies of the documents obtained by the Inquiry Commission's subpoena as well as those obtained from Meyer's Complaint. There was no further communication between Bar Counsel and Mathews.

■ On July 31, 2009, the Inquiry Commission issued a Charge against Mathews containing five (5) counts: Count I alleges that Mathews violated SCR 3.130–1.4(a) (communication) when he failed to respond to his client's repeated requests for information; Count II alleges that Mathews violated SCR 3.130–1.15(a) (safekeeping property) when he failed to keep his client's funds separate from his own funds; Count III alleges that Mathews violated SCR 3.130–3.4(c) (fairness to opposing party and counsel) and SCR 3.175(1) (notice of attorney's address) by failing to maintain a current Bar Roster Address; Count IV alleges that Mathews violated SCR 3.130–8.1(b) (bar admission and disciplinary matters) by failing to respond to the Bar Complaint after receiving sufficient notification; and Count V alleges that Mathews violated SCR 3.130–8.4(c) (misconduct) when he told Meyer that he would fund an annuity with his settlement proceeds but converted the funds to his own use, and when he told Meyer that he was communicating with the annuity company when no such communication took place.

The Charge was mailed to Mathews the day it was issued. Though signing for its receipt, Mathews did not file a response to the Charge. A reminder letter was sent

apprising Mathews of his obligation to file an Answer to the Charge, but he never did so.

After hearing the case, the Board unanimously found Mathews guilty on all five counts of the Charge and reviewed his prior discipline. In *Kentucky Bar Ass'n v. Mathews*, 283 S.W.3d 741 (Ky.2009), this Court suspended Mathews for one-hundred and eighty-one days for violations of SCR 3.130–1.3 (diligence), SCR 3.130–1.16(d) (termination of representation), SCR 3.130–3.4(c), and SCR 3.130–8.1(b).[1] In *Kentucky Bar Ass'n v. Mathews*, 291 S.W.3d 236 (Ky.2009), Mathews was again suspended for one-hundred and eighty-one days for violations of SCR–3.130–8.1(a) and SCR 3.130–8.1(b). In light of this history,[2] the Board unanimously recommended that Mathews be permanently disbarred from the practice of law in Kentucky, make full restitution to his client, comply with all previous orders of this Court, and pay all costs associated with the disciplinary proceedings.

Neither party has filed notice, pursuant to SCR 3.370(8), for this Court to review the Board's decision nor do we elect to review the decision of the Board pursuant to SCR 3.370(9). Therefore, we adopt the decision of the Board pursuant to SCR 3.370(10).

Accordingly, it is hereby ORDERED that:

1. Respondent, James Kevin Mathews, is found guilty of the ethical violations described above;

2. Mathews is permanently disbarred from the practice of law in Kentucky;

3. Mathews must immediately make full restitution to his client, Matthew Meyer, in the amount of $15,000;

4. Mathews must comply with all prior Orders of this Court;

5. In accordance with SCR 3.450, Mathews is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $480.47, for which execution may issue from this Court upon finality of this Opinion and Order; and

6. Pursuant to SCR 3.390, Mathews shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his disbarment from the practice of law, and furnish copies of said letters of notice to the Director of the KBA. Furthermore, to the extent possible and necessary, Mathews shall immediately cancel and cease any advertising activities in which he is engaged.

All sitting. All concur.

ENTERED: April 22, 2010.

/s/ John D. Minton, Jr.
    Chief Justice

---

[1] Therein, Mathews was ordered to refund $1,000.00 to each client, attend the Bar Counsel's remedial ethics program, and submit to counseling through the Kentucky Bar Association's Lawyer Assistance Program. He has not complied with the requirements of this order.

[2] The Board also notes that Mathews has been suspended since January 31, 2008 for failure to pay bar dues.