**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Michael Ray McDONNER, Respondent.**

**No. 2011–SC–000350–KB.**

Supreme Court of Kentucky.

Sept. 22, 2011.

*OPINION AND ORDER*

The Board of Governors (Board) of the Kentucky Bar Association (KBA) recommends this Court suspend Michael Ray McDonner from the practice of law for sixty days and require he complete the KBA's Ethics and Professionalism Enhancement Program (EPEP) prior to reinstatement. Finding sufficient cause to do so, we adopt the Board's recommendation. McDonner, whose KBA number is 90161 and whose bar roster address is 10016 Glenmeadow Drive, Louisville, Kentucky 40241,[1] was admitted to the practice of law in the Commonwealth of Kentucky on April 30, 2004.

**KBA File 18334**

McDonner, who formerly practiced with the law firm Whaley, Mory & McDonner (WMM) in Louisville, Kentucky, was suspended from the practice of law on August 27, 2009 for failing to complete the CLE requirements for the 2007–2008 educational year.[2] While suspended, McDonner sent a letter to Kentucky Farm Bureau Mutual Insurance Company (Kentucky Farm Bureau) on WMM letterhead, indicating he represented a client on a claim for property damages and injuries received in a car accident involving a Kentucky Farm Bureau insured.

Made aware of McDonner's actions, the Inquiry Commission issued a complaint against him on March 24, 2010 and, after an investigation, issued a five-count charge against him on January 27, 2011, alleging violation of (I) Supreme Court Rule (SCR) 3.130(3.4)(c) (knowingly disobeying an obligation of the rules of a tribunal); (II) SCR 3.130(5.5)(a) (practicing law in violation of the regulation of the legal profession in that jurisdiction); (III) SCR 3.130(5.5)(b) (maintaining an office and holding out admission to the practice of law when not admitted to practice); (IV) SCR 3.130(8.1)(b) (knowingly failing to respond to a lawful demand for information from

---

1. Alternate address: 2900 Boxhill Court, Prospect, Kentucky 40059.

2. McDonner has yet to be restored to membership.

the disciplinary authority); and (V) SCR 3.175(1)(a) (failing to maintain a current address). Unable to reach McDonner at either his Bar roster address or WMM's address, service was properly completed upon the KBA Executive Director, pursuant to SCR 3.175(2).

### KBA File 18247

■ In March 2009, Gretta and Joseph DeSantis engaged McDonner to investigate the possibility of bringing a claim against a hospital in Louisville, Kentucky on behalf of their friend, who died in June, 2009. Despite assuring the DeSantises that he was pursuing their case, McDonner failed to respond to their emails and telephone calls and failed to return the requested case file, which contained their friend's medical records. Moreover, McDonner's apparent work on the case continued after he was suspended in August 2009 for failing to complete his CLE requirements. The DeSantises filed a Bar complaint against McDonner on November 30, 2009. The KBA encountered much difficulty in locating McDonner and, while McDonner did receive a copy of the complaint, service of the reminder letter was completed on the KBA Executive Director, pursuant to SCR 3.175(2). McDonner did not respond to either the complaint or the reminder letter.

On January 4, 2011, the Inquiry Commission issued a five-count charge against McDonner, alleging violation of (I) SCR 3.130(3.4)(c) (knowingly disobeying an obligation of the rules of a tribunal); (II) SCR 3.130(5.5)(a) (practicing law in violation of the regulation of the legal profession in that jurisdiction); (III) SCR 3.130(5.5)(b) (maintaining an office and holding out admission to the practice of law when not admitted to practice); (IV) SCR 3.130(8.1)(b) (knowingly failing to respond to a lawful demand for information from

the disciplinary authority); and (V) SCR 3.175(1)(a) (failing to maintain a current address). A deputy sheriff served McDonner with the charge and, later, with a reminder letter at McDonner's alternate address in Prospect, Kentucky.

■ Receiving no response from McDonner in either case, both matters were submitted to the Board as default cases, pursuant to SCR 3.210(1). "When an attorney fails to respond to a complaint, the allegation of the complaint may be taken as confessed." *Kentucky Bar Ass'n v. Roney*, 862 S.W.2d 315 (Ky.1993) (quoting *In re Weaks*, 318 S.W.2d 850 (Ky. 1958)). The Board unanimously found McDonner guilty on all five counts in each case. Taking into account McDonner's lack of a disciplinary history, apart from his failure to complete his 2007–2008 CLE requirements, the Board voted eighteen-to-one to recommend McDonner be suspended for sixty days and be required to complete the EPEP offered by the KBA prior to being restored to the practice of law. We agree with the Board's findings and adopt its recommendations.

Therefore, it is hereby ORDERED that:

1. Michael Ray McDonner is suspended from the practice of law in the Commonwealth of Kentucky for sixty days, effective upon the date of entry of this Order.

2. Pursuant to SCR 3.450, McDonner is directed to pay all costs associated with these disciplinary proceedings, in the amount of $700.50, for which execution may issue from this Court upon finality of this Opinion and Order; and

3. McDonner, at his own expense, must successfully complete the KBA Ethics and Professional Enhancement Program (EPEP) within one year of the date of this Opinion and Order. McDonner must not apply for CLE credit of any kind for at-

tendance at the EPEP and must furnish a release and waiver to the Office of Bar Counsel to review his records with the CLE Commission for one year from the completion of said EPEP to verify that McDonner has not reported any hours to the CLE Commission based on his EPEP attendance.

All sitting. All concur.

ENTERED: September 22, 2011.

/s/ John D. Minton Jr.

CHIEF JUSTICE