**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**David R. SCHOTT, Respondent.**

**No. 2011–SC–000261–KB.**

Supreme Court of Kentucky.

Sept. 22, 2011.

## OPINION AND ORDER

The Board of Governors (Board) for the Kentucky Bar Association (KBA) recommends David R. Schott be permanently disbarred from the practice of law and ordered to pay all relevant costs. We agree with and adopt the Board's recommendation. Schott, whose KBA member number is 62195 and whose bar roster address is P.O. Box 2105, London, Kentucky 40743, was admitted to the practice of law in the Commonwealth of Kentucky in October 1979.

In addition to practicing law, Schott is the organizer, sole named member and registered agent for GNRW Properties, LLC (GNRW). Over the course of several years, Schott and GNRW engaged in numerous real estate transactions with Tom Watkins, one of Schott's clients. In 2006, Watkins's company, Watkins Builders, Inc., began to purchase from GNRW a piece of property known as the "Lily Property." The sale of this property was completed by execution of three warranty deeds: (1) the first deed was executed on January 12, 2006, conveying fifty percent of the property for $210,000.00, paid at the time of execution; (2) the second deed was executed on July 13, 2007, conveying forty-five percent of the property for $183,200.00, paid at the time of execution; and (3) the final deed was executed on August 5, 2009, conveying the remaining five percent of the property for $15,000.00, paid at the time of execution. Despite being paid in full, Schott failed to satisfy and release the $420,000.00 mortgage encumbering the property and instead retained the proceeds for his own personal use, forcing Watkins to pay an additional $284,446.58 to release the mortgage.

On April 25, 2005, Schott and his wife sold Watkins an apartment complex known as the "Morgan Street" property for $175,000.00. Watkins paid $75,000.00 at the closing and the remainder through a series of payments, totaling $102,540.00, made from May through November 2005. As with the Lily Property, Schott failed to release the Morgan Street property and it remains subject to three mortgages to National City Bank: (1) June 24, 1994, principal amount $50,000.00; (2) January 14, 1995, principal amount $100,000.00; and (3.) June 3, 1998, principal amount $830,000.00.

At some point, through information provided by an unnamed source, the Office of Bar Counsel (OBC) became aware of Schott's behavior in these matters and, in response, opened KBA file 17746. On October 18, 2010, after failing to respond to an investigative letter regarding this matter, Schott received a private admonition

for violating Supreme Court Rule (SCR) 3.130(8.1)(b) (knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority).[1] Though concerning the same subject matter, Watkins's complaint against Schott, filed on March 5, 2010, was assigned KBA file number 18610 and is the basis of the current proceedings. Schott also failed to respond to either the Complaint or the reminder letter sent by the OBC in file 18610, both of which Schott received and signed for via certified mail.

■ After investigating Watkins's claim, the Inquiry Commission filed a five-count charge against Schott on November 19, 2010, alleging violation of (I) SCR 3.130(1.8)(a) (entering into a business transaction with a client);[2] (II) SCR 3.130(1.8)(a) (entering into a business transaction with a client);[3] (III) SCR 3.130(8.3)(b) (committing a criminal act that reflects adversely on the lawyer);[4] (IV) SCR 3.130(8.3)(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation);[5] and (V) SCR 3.130(8.1)(b) (knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority). Schott was served with both a copy of the Charge and a reminder letter, and again failed to respond to either. The file was then submitted to the Board as a default case pursuant to SCR 3.210(1). By a unanimous vote, the Board found Schott guilty of Counts I through IV and not guilty of Count V. The Board voted not guilty on the final count because it found Schott's failure to respond had already been addressed by the private admonition he received on October 18, 2010 in file 17746. The Board then unanimously voted Schott be permanently disbarred and required to pay costs. We agree.

Although disbarment is a severe sanction, Schott's behavior was intolerable and, unfortunately, not unprecedented. Schott was first disciplined in 2003 when he received a private admonition for failing to

---

1. The 2009 Amendments to the Supreme Court Rules of Professional Conduct did not affect the numbering or wording of this rule.

2. This count refers to the rule as written prior to the 2009 amendments: "A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless: (1) The transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client; (2) The client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and (3) The client consents in writing thereto."

3. This count refers to the rule as written after the 2009 amendments: "A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless: (1) the transaction and terms on which the lawyer acquires the

interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client; (2) the client is *advised in writing of the desirability of seeking and* is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and (3) the client *gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.*" (Changes underlined). The violations were set forth in two separate counts because the 2009 amendments changed the requirements of the rule.

4. Under the 2009 amendments, this rule was renumbered to SCR 3.130(8.4)(b) but the language was unchanged.

5. Under the 2009 amendments, this rule was renumbered to SCR 3.130(8.4)(c) but the language was unchanged.

pay a court reporter's bill, despite numerous attempts by the court reporter to receive payment. In May 2008, Schott was suspended for sixty days, thirty of which he served and thirty of which were probated for one year, for engaging in numerous real estate and business transactions with clients that violated several Supreme Court Rules and resulted in harm to the clients. Schott served this suspension and was automatically reinstated on June 24, 2008.

In addition to his disciplinary history, Schott has consistently refused to respond to the KBA's repeated requests for information in this case, despite being made aware of Watkins's complaint, the investigation, and the charge. "When an attorney fails to respond to a complaint, the allegation of the complaint may be taken as confessed." *Kentucky Bar Ass'n v. Roney*, 862 S.W.2d 315 (Ky.1993) (quoting *In re Weaks*, 318 S.W.2d 850 (Ky. 1958)).

Further, this Court has imposed permanent disbarment for similar infractions. In *Kentucky Bar Ass'n v. Kessen*, 311 S.W.3d 249 (Ky.2010), the Court disbarred an attorney for converting to his own use $7,650.00 that belonged to his law firm and for failing to cooperate in the disciplinary process. In *Kentucky Bar Ass'n v. Christian*, 320 S.W.3d 687 (Ky.2010), an attorney, who had three prior private admonitions, was disbarred after he took from an estate $13,000 in unearned fees and then failed to return the money or turn over client files to the new executor after the attorney was dismissed. The attorney therein also ignored several court orders and failed to cooperate in the disciplinary process. *Id.* The Court in *Kentucky Bar Ass'n v. Mathews*, 308 S.W.3d 194 (Ky. 2010), disbarred an attorney who promised to set up an annuity for his client using the client's settlement proceeds but instead took the funds for his own use. The attorney in that case also failed to respond to either his client or the KBA. *Id.*

Given the nature of the transgression, Schott's disciplinary history and his failure to cooperate with the disciplinary process, we agree disbarment is the appropriate penalty. For the foregoing reasons, it is hereby ORDERED:

1. David R. Schott, KBA member number 62195 is permanently disbarred from the practice of law in the Commonwealth of Kentucky;

2. Pursuant to SCR 3.450, Schott is ordered to pay all costs associated with this disciplinary proceeding, in the amount of $466.14, for which execution may issue from this Court upon finality of this Opinion and Order;

3. Pursuant to SCR 3.390, Schott shall, within ten days from the entry of this Order, (a) to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged; (b) notify all courts in which he has matters pending of his disbarment; (c) notify all clients, in writing, of his inability to continue to represent them and of the necessity of retaining new counsel; and (d) provide a copy of such letters to the Executive Director of the Kentucky Bar Association.

All sitting. All concur.

ENTERED: September 22, 2011.

/s/ John D. Minton Jr.

CHIEF JUSTICE