**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Louis Edward REINHART,**
**III, Respondent.**

**No. 2013–SC–000422–KB.**

Supreme Court of Kentucky.

Sept. 26, 2013.

As Corrected Oct. 4, 2013.

*OPINION AND ORDER*

Louis Edward Reinhart, III, KBA No. 85729, was admitted to the practice of law

in the Commonwealth of Kentucky on May 1, 1995, and his bar roster address is listed as 108 West Crystal Drive, P.O. Box 33, LaGrange, Kentucky, 40031. The Board of Governors (Board) unanimously found Reinhart guilty of violating SCR 3.130–1.3, SCR 3.130–1.4(b), SCR 3.130–1.5(b) & (c), SCR 3.130–8.4(c), SCR 3.130–1.15(a), SCR 3.130–1.15(b), and SCR 3.175(*l*)(a). For these violations the Board recommends Reinhart: 1) be permanently disbarred from the practice of law, and 2) pay costs of $726.35 associated with this disciplinary proceeding in accordance with SCR 3.450.

## I. BACKGROUND

■ Christopher Duke retained Reinhart in 2005 to perform legal services. Thereafter, Reinhart was habitually dilatory and negligent in his representation of Duke. For example, Reinhart failed to comply with a discovery order, failed to respond in a timely manner to three different settlement offers, and did not inform Duke of the offers. After great delay, Reinhart finally accepted a settlement offer on behalf of Duke and deposited a $50,000 check into a non-trust account. Reinhart had discussed a 1/3 contingent fee with Duke, but Duke never signed a contract and Reinhart never provided an accounting of expenses to Duke. Reinhart simply left a $25,000 cashier's check (not drawn on an IOLTA trust account) at Duke's place of employment. Duke repeatedly attempted to contact Reinhart concerning the balance of his settlement proceeds, but Reinhart failed to respond.

A bar complaint was issued against Reinhart, but multiple attempts to provide service by certified mail at both his bar roster address and personal residence were returned. The Oldham County sheriff later attempted personal service to no avail. After these failed attempts, service was completed under SCR 3.175(2) by serving the Executive Director of the KBA. Reinhart failed to answer the charges, so the case went to the Board by default pursuant to SCR 3.210.

## II. CHARGE

The Inquiry Commission (Commission) issued a charge against Reinhart alleging eight counts: 1) Count I charges Reinhart with violating SCR 3.130–1.3,[1] 2) Count II charges Reinhart with violating SCR 3.130–1.4(b),[2] 3) Count III charges Reinhart with violating SCR 3.130–1.5(b),[3] 4) Count IV charges Reinhart with violating SCR 3.130–1.5(c),[4] 5) Count V charges

---

1. SCR 3.130–1.3 provides in pertinent part that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." The Commission charges that Reinhart violated this rule by failing to diligently proceed with the representation of Duke.

2. SCR 3.130–1.4(b) provides in pertinent part that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." The Commission charges that Reinhart violated this rule by failing to explain the expenses Duke was responsible for paying and the actual expenses Reinhart incurred in handling the matter.

3. SCR 3.130–1.5(b) provides in pertinent part that "the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation...." The Commission charges that Reinhart violated this rule by failing to inform Duke of the complete basis for his fee and expenses within a reasonable time after commencing representation.

4. SCR 3.130–1.5(c) provides in pertinent part:
A contingent fee agreement shall be in a writing signed by the client.... Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.

Reinhart with violating SCR 3.130–8.4(c),[5] 6) Count VI charges Reinhart with violating SCR 3.130–1.15(a),[6] 7) Count VII charges Reinhart with violating SCR 3.130–1.15(b),[7] and 8) Count VIII charges Reinhart with violating SCR 3.175(1)(a).[8]

## III. BOARD'S RECOMMENDATION

The Board unanimously found Reinhart guilty of all charges and, by a vote of 12 to 4, recommended that he: 1) be permanently disbarred from the practice of law, and 2) pay $726.35, the costs of the disciplinary proceedings.

> The Commission charges that Reinhart violated this rule by failing to obtain a contingent fee contract signed by Duke and not providing Duke with a written statement reflecting Duke's distribution of the settlement proceeds.

5. SCR 3.130–8.4(c) provides in pertinent part that "[i]t is professional misconduct for a lawyer to: engage in conduct involving dishonesty, fraud, deceit or misrepresentation...." The Commission charges that Reinhart violated this rule by failing to pay Duke settlement funds to which he was entitled.

6. SCR 3.130–1.15(a) provides in pertinent part that "[client] [f]unds shall be kept in a separate account [from the lawyer's].... The Commission charges that Reinhart violated this rule by failing to keep Duke's settlement funds in a separate trust account.

7. SCR 3.130–1.15(b) provides in pertinent part that "a lawyer shall promptly deliver to the client ... any funds ... that the client ... is entitled to receive and, upon request by the client ... shall promptly render a full accounting...." The Commission charges that Reinhart violated this rule by failing to render a full accounting of settlement proceeds and failing, to deliver funds Duke was entitled to receive.

8. SCR 3.175(1)(a) states in part that Kentucky attorneys shall "maintain ... a current ... Bar Roster address, and shall upon a change of that address notify the Director within thirty (30) days of the new address...." The

## IV. ADOPTION OF BOARD'S RECOMMENDATION

■ Pursuant to SCR 3.370(9),[9] this Court adopts the recommendation of the Board given: 1) the severity of Reinhart's violations,[10] 2) his prior disciplinary record,[11] and 3) the fact that he has failed to respond to any prior correspondence.[12] Further, this Court has imposed disbarment for similar infractions. *See Kentucky Bar Association v. Kessen*, 311 S.W.3d 249 (Ky.2010) (adopting Board's recommendation for permanent disbarment for converting $7,650 in payment from a client when those checks should

> Commission charges that Reinhart was in violation of this rule by failing to maintain an address where he could be reached by mail and failing to notify the KBA of any changes in his address.

9. SCR 3.370(9) provides that "[i]f no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

10. "[A] particularly severe stance is against financial misconduct by attorneys...." *Kentucky Bar Association v. Maze*, 397 S.W.3d 891, 898 (Ky.2013) (citing *Kentucky Bar Association v. Rice*, 229 S.W.3d 903, 905 (Ky. 2007)).

11. Reinhart's prior discipline by the Board includes a Private Admonition on September 20, 2012 for violations of SCR 3.130–1.4(b) (failing to explain matters to his client), and SCR 3.130–8.1(b) (failing to respond to a bar complaint). Furthermore, Reinhart is currently suspended from the practice of law for failure to pay bar dues as of February 24, 2012.

12. "When an attorney fails to respond to a complaint, the allegation of the complaint may be taken as confessed.'" *Kentucky Bar Association v. Schott*, 353 S.W.3d 621 (Ky. 2011) (quoting *Kentucky Bar Association v. Roney*, 862 S.W.2d 315 (Ky.1993)).

have been delivered to his law firm); *Kentucky Bar Association v. Mathews*, 308 S.W.3d 194 (Ky.2010) (disbarring attorney for promising to set up annuity for client from settlement proceeds but instead retaining funds and failing to respond to the KBA); *Kentucky Bar Association v. Watson*, 875 S.W.2d 96 (Ky.1994) (holding that permanent disbarment was appropriate for failure to remit $2,000 in settlement funds to client and failing to answer the charges). Agreeing that the Board's recommended sanction is appropriate, it is ORDERED that:

1. Reinhart is found guilty of the above-described violations of the Rules of Professional Conduct;

2. Reinhart is hereby permanently disbarred from the Kentucky Bar Association. He may never apply for reinstatement to the Bar under the current rules;

3. Pursuant to SCR 3.390, Reinhart shall, within ten days from the entry of this Opinion and Order: (a) notify, in writing, all clients of his inability to represent them, and of the necessity and urgency of promptly retaining new counsel; (b) notify, in writing, all courts in which he has matters pending of his suspension from the practice of law; (c) provide a copy of all such letters of notification to the Office of Bar Counsel; and (d) to the extent possible, immediately cancel and cease any advertising activities in which he is engaged; and

4. In accordance with SCR 3.450, Reinhart is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $726.35, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: September 26, 2013.

/s/ John D. Minton, Jr.
  Chief Justice