TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000675-KB

DATE 4-14-15 Enit Growth, D.C

KENTUCKY BAR ASSOCIATION                                    MOVANT

V.                              IN SUPREME COURT

CHRISTOPHE G. STEWART                                    RESPONDENT

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association ("KBA") recommends that this Court publically reprimand Christophe G. Stewart for violating Supreme Court Rule ("SCR") 3.130-1.15 (safekeeping property) and 3.130-8.1(b) (knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority). Finding a public reprimand to be the appropriate discipline for Stewart's misconduct, we grant the KBA's motion. Stewart, whose KBA member number is 67870 and whose last known bar roster address is Barrister's Hall, 1009 S. 4th Street, Louisville, Kentucky, 40203, was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 1978.

Stewart maintained an IOLTA escrow account with BB&T in Louisville, Kentucky. In November of 2012, BB&T notified the KBA that Stewart's escrow account was overdrawn by $544.11. The KBA sent a notice to Stewart on December 5, 2012, requesting more information concerning the overdrawn

status of the account. A second notice was sent on January 28, 2013. Stewart failed to respond to both requests.

The Inquiry Commission opened an investigative file on the matter. On April 25, 2013, a letter was sent to Stewart advising him that a disciplinary investigation had been initiated concerning the status of his escrow account, and demanding a response within twenty days. The letter further advised Stewart that knowingly failing to respond to a lawful request for information from a disciplinary authority constituted a violation of SCR 3.130-8.1. Receiving no response from Stewart, the Inquiry Commission sent a second letter on July 25, 2013. He did not respond.

The Inquiry Commission issued a complaint against Stewart for the mishandling of escrow funds in possible violation of SCR 3.130-1.15[1] and for his failure to respond to the Office of Bar Counsel's request for information in possible violation of SCR 3.130-8.1(b).[2] A copy of the complaint was mailed to Stewart at the address listed on his bar registry on October 23, 2013. The

---

[1] SCR 3.130-1.15 provides, in pertinent part: "(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client, third person, or both in the event of a claim by each to the property. The separate account referred to in the preceding sentence shall be maintained in a bank which has agreed to notify the Kentucky Bar Association in the event that any overdraft occurs in the account. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation."

[2] SCR 3.130-8.1(b) provides: "(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

2

letter was returned as undeliverable. A copy of the complaint was then provided to the Jefferson County Sheriff's Office for service on November 27, 2013, with the request for service received on December 2, 2013. The Sheriff's Office attempted service six separate times at Stewart's bar address and spoke with Stewart's office associate. Unable to effect service, the Sheriff's Office filed a return indicating that Stewart was "avoiding service."

On January 23, 2014, Stewart was served with a copy of the Inquiry Commission complaint by way of service on the KBA Executive Director pursuant to SCR 3.175. The letter was forwarded to Stewart's bar address on that same day. Stewart did not respond, and the letter was returned as undelivered on March 5, 2014. The Executive Director received the unclaimed complaint on March 20, 2014.

The Inquiry Commission issued a two-count charge against Stewart on May 9, 2014. The charge alleged that Stewart violated SCR 3.130-1.15 by failing to properly maintain his escrow account with BB&T. The second count of the charge alleged that Stewart violated SCR 3.130-8.1(b) by knowingly failing to respond to a lawful demand for information from a disciplinary authority. Over the course of one month, the Disciplinary Clerk and, later, the Jefferson County Sheriff's Office, made eight separate attempts to serve Stewart with the Inquiry Commission's charge. Each attempt was unsuccessful. Finally, the charge was served on the Executive Director, with an accompanying copy mailed to Stewart. The letter was returned as

undeliverable on August 19, 2014. Stewart failed to file an answer to the charge.

The matter came before the Board of Governors ("Board") as a default case pursuant to SCR 3.210[3] on September 19, 2014. The nineteen members of the Board present unanimously voted to find Stewart guilty of both counts contained in the charge. The Board considered Stewart's prior disciplinary history, mitigating factors, and the applicable law before voting on the appropriate sanction. Fourteen members of the Board voted to publicly reprimand Stewart.[4]

The Board now moves this Court to issue a public reprimand against Stewart for failing to properly maintain his escrow account and failing to respond to lawful requests for information from a disciplinary authority. We agree that a public reprimand is the appropriate sanction for Stewart's misconduct. An overdrawn IOLTA account certainly indicates mismanagement of client funds. In the past, this Court has disciplined an attorney for multiple overdrafts on client accounts, finding such conduct to constitute a violation of SCR 3.130-1.15. *Kentucky Bar Association v. Matthews*, 291 S.W.3d 236 (Ky. 2009). We agree that by overdrawing his IOLTA account Stewart violated SCR 3.130-1.15.

---

[3] SCR 3.210(1) provides: "If no answer is filed after a Respondent is notified, the Inquiry Commission shall order the record, together with such investigative evidence as may have been obtained, to be submitted to the Board."

[4] Four members of the Board voted for a thirty-day suspension, and one member voted for a private reprimand.

4

Perhaps in a certain context, an overdraft of $544.11 is nothing more than an easily-remedied blunder. However, Stewart failed to respond to three preliminary inquiries as to the status of the IOLTA account before formal disciplinary proceedings were initiated. He then failed to respond to two investigative file letters. Once a formal complaint was initiated, service on Stewart was unsuccessfully attempted eight times, including six attempts by the Jefferson County Sheriff's Office and one attempt to forward the complaint from the Executive Director of the KBA. Numerous attempts to serve Stewart with the charge against him were similarly unsuccessful. This unfortunate series of events certainly constitutes a blatant violation of SCR 3.130-8.1(b). Given the severity of Stewart's apparent attempts to avoid service and the overdraft of his IOLTA account, a public reprimand is warranted.

Therefore, it is hereby ORDERED,

1. Christophe G. Stewart, KBA Member Number 67870, is publicly reprimanded for his violation of SCR 3.130-1.15 and SCR 3.130-8.1(b);

2. In accordance with SCR 3.450, Stewart is directed to pay $324.34 in costs associated with these disciplinary proceedings, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 2, 2015.

_____
CHIEF JUSTICE

5